## No. 27699

**Donald N. Mooney and John H. Volosin v. C. J. Kuiper, State Engineer, and Robert W. Jesse, Division Engineer of Water Division No. 2**

(573 P.2d 538)

Decided January 16, 1978.

Geddes, MacDougall, Geddes & Paxton, P.C., M. E. MacDougall, for appellants.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Donald H. Hamburg, Special Assistant, for appellees.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

On June 13, 1975, the water court in Division No. 2 awarded conditional water decrees to the appellants based upon two well construction permits that had been issued by the appellees (hereinafter collectively referred to as the state engineer). These one-year well permits were issued on September 28, 1973, and the state engineer had extended them for one additional year, to September 28, 1975. *See* section 37-90-137(3)(a), C.R.S. 1973. The appellants, needing additional time beyond the latter date to complete their wells, requested a second extension. The state engineer, however, took the position that section 37-90-137(3)(a) limited his authority to granting a single, non-renewable one-year extension. Consequently, the appellants filed a motion in the water court seeking an order to extend their permits.

The water court held that the statute allowed only one extension, and that the court had no power to order the state engineer to exceed his statutory authority by granting a further extension. Because we have concluded that the water court misinterpreted the statute, we reverse and remand for further proceedings.

The statute at issue, section 37-90-137(3)(a), C.R.S. 1973, provides as follows:

"Any permit to construct a well, issued on or after April 21, 1967, shall expire one year after the issuance thereof, unless the applicant to whom such permit was issued shall furnish to the state engineer, prior to such expiration, evidence that the water from such well has been put to beneficial use, or *unless prior to such expiration* the state engineer, upon good cause shown, *extends such permit for an additional period certain, not to exceed one year.*" (Emphasis added.)

The appellants contend that, in light of other provisions relating to water right determination and administration, the legislature must have intended that this section allow renewable one-year extensions of well permits, upon annual showings of good cause. We agree.

■ Since the statute is susceptible to more than one interpretation, it must be construed in light of the apparent legislative intent and purpose. In this regard, we note the familiar rules of statutory construction that direct us to consider the ends the statute was designed to accomplish and the consequences which would follow from alternative constructions. *See, e.g., City and County of Denver v. Holmes*, 156 Colo. 586, 400 P.2d 901 (1965). If separate clauses in the same statutory scheme may be harmonized by one construction, but would be antagonistic under a different construction, we should adopt that construction which results in harmony rather than that which produces inconsistency. *Cooper v. Board of County Commissioners*, 131 Colo. 78, 279 P.2d 685 (1955).

In the instant case, to construe section 37-90-137(3)(a) to allow only one extension of each well construction permit would reach a result clearly inconsistent with other statutory provisions relating to conditional water rights. Section 37-92-305(6), C.R.S. 1973, provides:

"(6) In the case of an application for determination of a water right or a conditional water right, a determination with respect to a change of a water right or approval of a plan for augmentation, which requires construction of a well, the referee or the water judge, as the case may be, shall consider the findings of the state engineer, made pursuant to section 37-90-137, which granted or denied the well permit, and may grant a conditional decree unless a denial of such permit was justified under said section, and in case a final decree or conditional decree is granted by the court, the state engineer shall issue said permit."

This statute authorizes a water court to grant a conditional water right if a well permit has either been granted or unjustifiably denied. Here, since well permits had already been granted, the water court issued conditional decrees based on the specifications in the permits. Pursuant to statutory directive, the decrees required the appellants to appear and to prove reasonable diligence in May, 1979. *See* section 37-92-301(4), C.R.S. 1973.

Thus the appellants had conditional decrees to specified amounts of water, with specified priority dates, subject only to proof of reasonable diligence in *four years.* Yet the state engineer contends that the right actually to use water under those decrees was contingent on the appellants' finishing their wells within *two years* after the well permits were issued, *i.e.,* by September 28, 1975. We do not believe that the General Assembly intended such a result.

■ A conditional decree is a vested property right, subject to forfeiture if the holder fails to pursue his conditional water rights with reasonable diligence. *Rocky Mountain Power Co. v. White River*

*Electric Association*, 151 Colo. 45, 376 P.2d 158 (1962); section 37-92-301(4), C.R.S. 1973. The decrees granted to the appellants on June 13, 1975, specified the priority dates, the location of the wells, the amounts of water allowed to be appropriated, and the use to which the water could be put. It would be an unreasonable and inconsistent reading of the relevant statutes to hold that a conditional water right could be granted on the basis of the amounts stated in a particular well permit, but that the permit could not then be extended to allow diligent pursuit of those rights awarded in the conditional decree.

■ If the appellants' well permits were held to have expired in September, 1975, without the possibility of further extensions, they would be forced to reapply for new permits. These new permits, since they would be subject to the rights of any intervening well owners,[1] probably would have afforded the appellants access to less water at lower pumping rates, despite the fact that the appellants already possessed conditional decrees for the amounts stated in the original permits. In effect, the water court's conditional decree would have been automatically and prematurely terminated, at least as to the rights which could not be reacquired in new well permits. In view of this potential conflict, we must construe section 37-90-137(3)(a) as allowing repeated applications for well permit extensions, so that holders of conditional decrees may pursue their water rights to the full extent of those decrees.

Although subsection 37-90-137(3)(a) is not a model of drafting clarity, we here adopt the meaning most probably intended. The subsection's final phrase "not to exceed one year" obviously modifies "an additional period certain." It seems apparent that, rather than intending an overall, "single shot" one-year limitation, the General Assembly intended renewable one-year extensions which can be granted when the state engineer, in his sound discretion, finds that good cause has been demonstrated. Thus the "expiration" date to which the statute refers, and from which the one-year renewal period begins, may be either the original expiration date or any new expiration date established by a prior extension.

■ The state engineer argues that the purpose of section 37-90-137(3)(a) is to prevent speculators from obtaining and holding well permits with no intention of immediate development, and indefinitely renewing them until such time, if ever, it becomes advantageous to drill the wells. Such parties would benefit from earlier priority dates, despite later actual appropriations. However, the statute here construed requires that "good cause" be shown as a prerequisite to granting an extension, and thus authorizes the state engineer to deny repeated extensions sought for speculative or other illegitimate purposes.

---

[1]Section 37-90-137(2), C.R.S. 1973.

Accordingly, the water court's order is reversed and the cause is remanded for further proceedings consistent with this opinion.