**COLORADO ROCKY MOUNTAIN SCHOOL, INC., a Colorado nonprofit corporation, Plaintiff-Appellant,**

v.

**Henry F. SHRIVER, Charles H. Bradley, F. William Beier, as members of the Board of Assessment Appeals, State of Colorado, and Mary Anne Maurer, as Property Tax Administrator, Division of Property Taxation, State of Colorado, Defendants-Appellees.**

No. 83CA0805.

Colorado Court of Appeals,
Div. II.

March 22, 1984.

Rehearing Denied May 3, 1984.

Certiorari Denied Oct. 22, 1984.

Hartert, Mincer, Wilson & Everstine, Gerald D. Hartert, Glenwood Springs, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Billy Shuman, First Asst. Atty. Gen., Denver, for defendants-appellees.

BABCOCK, Judge.

Plaintiff appeals the judgment of dismissal entered by the trial court in this action filed pursuant to § 24-4-106, C.R.S. We affirm.

On May 17, 1982, the Property Tax Administrator (PTA) executed a "notice of revocation of exemption" wherein it was determined that certain real property of the plaintiff failed to qualify for continued exemption from general taxation. Section 39-2-117(3), C.R.S. (1982 Repl.Vol. 16B). The plaintiff's petition for review was filed with the Board of Assessment Appeals (BAA) on June 17, 1982, thirty-one days after the date of the decision. The BAA denied plaintiff's petition on January 19, 1983.

Thereafter, plaintiff sought review in the district court pursuant to §§ 39-8-108(2), C.R.S. (1982 Repl.Vol. 16B) and 24-4-106, C.R.S. (1982 Repl.Vol. 10). The trial court granted the defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction upon the ground that plaintiff had failed to perfect a timely appeal from the PTA to the BAA.

Section 39-2-117(5), C.R.S. (1982 Repl. Vol. 16B) provides in pertinent part:

"An appeal from any decision of the property tax administrator may be taken by ... the owner of the property for which exemption ... has been denied or revoked in full or in part. Any such appeal shall be taken to the Board of Assessment Appeals no later than 30 days following *the decision* of the property tax administrator." (emphasis supplied)

And, § 39-2-125(1)(b)(I), C.R.S. (1982 Repl. Vol. 16B) provides that the BAA shall "[h]ear appeals from orders and decisions of the property tax administrator filed not later than 30 days after the *entry* of any such order or decision." (emphasis supplied)

Section 24-4-105(16), C.R.S. (1982 Repl. Vol. 10) of the State Administrative Procedure Act dealing with hearings and determinations provides:

"Each decision and initial decision shall be served on each party by personal service or by mailing by first-class mail to the last address furnished the agency by such party *and shall be effective as to such party on the date mailed* or such

**653**

later date as is stated in the decision." (emphasis supplied)

The plaintiff contends that § 24-4-105(16), C.R.S. (1982 Repl.Vol. 10), not §§ 39-2-117(5) and 39-2-125(1)(b)(I), C.R.S. (1982 Repl.Vol. 16B), triggers the running of the 30-day period to perfect appeal and that such 30-day period does not commence to run until the decision becomes "effective" by "mailing" to the party affected. There being no evidence admitted before the trial court as to the date of mailing, plaintiff asserts that the trial court erred in dismissing its complaint. We disagree.

As revealed by the statutory language quoted above, there does exist a conflict between the provisions of §§ 39-2-117(5) and 39-2-125(1)(b)(I), C.R.S. (1982 Rep.Vol. 16), dealing specifically with property tax administration, and § 24-4-105(16), C.R.S. (1982 Repl.Vol. 10), dealing generally with administrative hearings. With regard to appeals from the PTA to the BAA § 39-2-125(1)(b)(I), C.R.S. (1982 Repl.Vol. 16B) requires that the appeal be filed not later than 30 days after the "entry" of the order or decision. *See Honeywell Information Systems, Inc. v. Board of Assessment Appeals,* 654 P.2d 337 (Colo.App.1982). With regard to appeals in other administrative proceedings, § 24-4-105(16), C.R.S., provides that the 30-day period begins to run from the date of personal service or mailing.

Here, the specific statute prevails over the general one. Section 24-4-107, C.R.S. (1982 Repl.Vol. 10); *see* § 2-4-205, C.R.S. (1980 Repl.Vol. 1B); *Montgomery Ward & Co. v. State Department of Revenue,* 628 P.2d 85 (Colo.1981); *People ex rel. State Board of Accountancy v. McFarland,* 37 Colo.App. 93, 543 P.2d 112 (1975). It is thus apparent that §§ 39-2-117(5) and 39-2-125(1)(b)(I), C.R.S. (1982 Repl.Vol. 16B) apply to require that the appeal be filed no later than thirty days from the entry of the decision which in this case was May 17, 1982.

Plaintiff's appeal from the PTA to the BAA was not perfected within the requisite statutory time. Thus, the decision of the PTA became final, and the trial court did not err in dismissing plaintiff's complaint. *Denver v. District Court,* 189 Colo. 342, 540 P.2d 1088 (1975).

Judgment affirmed.

BERMAN and KELLY, JJ., concur.