BQP INDUSTRIES, INC.; et al.,
Petitioners-Appellants,

v.

The STATE BOARD OF EQUALIZATION
OF the STATE OF COLORADO; et
al., Respondents-Appellees.

No. 83CA0842.

Colorado Court of Appeals,
Div. I.

May 31, 1984.

Rehearings Denied June 28, 1984.

Certiorari Denied Jan. 21, 1985.

Stutz, Dyer, Miller & Delap, R. Gregory Stutz, Denver, for Cooley Gravel Co.

Holme, Roberts & Owen, John R. Webb, Denver, for Martin-Marietta Corp.

Bradley, Campbell & Carney, P.C., Victor F. Boog, Golden, for Adolph Coors Co., Coors Porcelain Co., and Coors Container Co.

Holland & Hart, R. Alan Poe, Terry T. Johnson, Denver, for Monfort Packing Co. and Eastman Kodak Co.

Isaacson, Rosenbaum, Spiegleman & Friedman, Seymour Joseph, Joanne McDev-

itt Geller, Denver, for Board of Assessment Appeals of State of Colo., Martin E. Fisch, Gerry F. Shriver and Charles H. Bradley.

Gorsuch, Kirgis, Campbell, Walker & Grover, Vicki J. Fowler, Ann E. DeVine, Denver, for Non-Jefferson County petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Denver, for Colorado State Bd. of Equalization, Colorado Property Tax Administrator, and Colorado Div. of Property Taxation.

Stephen H. Kaplan, Denver City Atty., Robert F. Strenski, Asst. City Atty., Denver, for Board of Equalization of the City and County of Denver, Jerry C. Kempf, Paul Hentzell, Harold V. Cook, F.J. Serafini, Robert P. Locke, and Elvin R. Caldwell.

Thomas O. David, Weld County Atty., Greeley, for Board of Equalization and the Board of County Com'rs for County of Weld, Herbert H. Hanson, Weld County Assessor.

James Smith, Adams County Atty., Kathryn L. Schroeder, Asst. Adams County Atty., Brighton, for Adams County Bd. of Equalization.

Larry Vana, Arapahoe County Atty. James Heiser, Asst. Arapahoe County Atty., Littleton, for Arapahoe County Bd. of Equalization.

Ann Raisch, Boulder County Atty. Nancy Terrill, Asst. Boulder County Atty., Boulder, for Boulder County Bd. of Equalization, John Murphy, Margaret Markey, Robert Jenkins, and William Goodyear.

Charles E. Berry, El Paso County Atty., Colorado Springs, for El Paso County Bd. of Equalization, and M.C. Port, El Paso County Assessor.

Patrick Mahan, Jefferson County Atty. Cile Pace, Asst. Jefferson County Atty., Golden, for Jefferson County Bd. of Equalization and Mike Sobieski, Jefferson County Assessor.

Ralph Harden, Larimer County Atty. Rick Zier, Asst. Larimer County Atty., Fort Collins, for Larimer County Bd. of Equalization, Larimer County Bd. of Com'rs and Richard Greene, Larimer County Assessor.

Caplan & Earnest, Richard Bump, Boulder, for intervenors Jefferson County School Dist. R–1 and Weld County School Dist. RE–4.

BABCOCK, Judge.

In this consolidated multi-district action, taxpayers appeal judgments of the trial court entered upon review of agency action pursuant to § 24–4–106, C.R.S. (1982 Repl. Vol. 10). We affirm in part, reverse in part, and remand with directions.

This case concerns the method of assessing the valuation of personal business property of each taxpayer for the tax years 1979 and/or 1980. The taxing authorities, the assessors and the county boards of equalization, will be referred to herein as "counties."

The 1979 taxpayers processed appeals of 1979 tax year assessments through their respective county assessors, boards of county commissioners sitting as county boards of equalization, and the Colorado State Board of Assessment Appeals (BAA). In these cases, the BAA ruled that in assessing these taxpayers' personal business property for the tax year 1979, depreciation was to be considered only as to the "base year," 1973, and not thereafter. The 1979 taxpayers' appeals of these adverse rulings to their respective county district courts were later consolidated in this action.

The 1980 taxpayers pursued the same administrative review process. In each of these cases, the BAA reversed its 1979 ruling and determined that in assessing the 1980 taxpayers' items of personal business property, the taxpayers were entitled to have the subject property valued with depreciation applied annually from the base year to the assessment date of January 1, 1980.

Pursuant to § 39–8–108(2), C.R.S. (1982 Repl.Vol. 16B), the counties filed appeals in the various district courts. However, these appeals were continued while further administrative review was taken before the Colorado State Board of Equalization (BOE). The BOE denied taxpayers' motions to dismiss for lack of jurisdiction, heard the appeals on the merits, reversed the 1980 rulings of the BAA, and ordered reinstatement of the original personal business property assessments of the counties. The taxpayers pursued a consolidated appeal of the BOE ruling to the trial court, and that appeal was thereafter consolidated with all other pending district court appeals pursuant to C.R.C.P. 42.1.

The trial court concluded that the BOE had jurisdiction to review the decisions of the BAA. Therefore, because the 1979 taxpayers did not exhaust their administrative remedies by appealing the BAA's determination of their cases to the BOE, the trial court dismissed their appeals for lack of jurisdiction.

As to the 1980 taxpayers, summary judgment was entered in favor of Weld County against Eastman Kodak Company (Kodak) and Monfort Packing Company (Monfort) on the ground that the BAA had no jurisdiction to hear these taxpayers' appeals because they were untimely filed. The trial court granted the motion of the City and County of Denver to dismiss ten corporate taxpayers' appeals upon the ground that each petition for review before the BAA was drafted and executed by a layperson on behalf of the corporation. The trial court concluded the petitions were void, and thus, the BAA had no jurisdiction. The trial court also ruled that C.P.S. Distributors, Inc. (CPS) and Power Rental Equipment, Inc. (Power Rental) failed to perfect timely appeals to the BAA. The trial court thereafter affirmed the order of the BOE which determined that under the Colorado taxing statutes, the taxpayers were not entitled to the application of depreciation annually from the base year to the date of assessment upon their personal business property. This appeal followed.

## I. Jurisdictional Issues

### A.

Taxpayers contend that the BOE had no jurisdiction to review the decisions of the BAA. They argue that the BOE's action constituted a valuation for assessment of specific personal business property owned by particular taxpayers rather than statewide equalization of assessed valuation of classes or subclasses of property. We agree.

■ The BOE's jurisdiction is limited to statewide equalization of assessed valuation of classes or subclasses of property. *Colo. Const.* Art. X, Sec. 15; §§ 39–2–128 and 39–9–103, C.R.S. (1982 Repl.Vol. 16B); *Lamm v. Barber,* 192 Colo. 511, 565 P.2d 538 (1977); *Union Pacific R.R. Co. v. Board of Commissioners,* 35 F.2d 785 (10th Cir.1929). Courts will not permit the exercise of authority by an administrative agency unless granted by statute. *Denver v. Gibson,* 37 Colo.App. 130, 546 P.2d 974 (1975). And, the BOE's orders which are in excess of statutory authority are void. *Union Pacific R.R. Co. v. Board of Commissioners, supra.*

> "Assessment is the act of placing a value for tax purposes upon the property of a particular taxpayer. Equalization, on the other hand, is the act of raising or lowering the total valuation placed upon a class, or subclass, or property in the aggregate. Equalization deals with all the property of a class or subclass within a designated territorial limit, such as a county, without regard to who owns the individual parcels making up the class or subclass. Assessment relates to individual property; equalization relates to classes of property collectively." *Lamm v. Barber, supra.*

All cases before the BAA concerned specific personal business property owned by identified taxpayers. The 1980 cases culminated in orders to the counties to reduce the valuations of the property to that stipulated by the parties to be correct if depreciation had been allowed to January 1, 1980.

The orders of the 1979 cases denied the petitions for review.

■ We conclude that the order of the BOE was in excess of its jurisdiction and void because the BOE was acting to assess rather than equalize values, *Union Pacific R.R. Co. v. Board of Commissioners, supra,* and that the BAA acted within its jurisdiction pursuant to § 39–2–125(1)(c), C.R.S. (1982 Repl.Vol. 16B). Therefore, the trial court erred in its conclusion.

### B.

Ten Denver corporate 1980 taxpayers initiated review to the BAA by submitting "Form BAA–1 Rev.1978," a form prepared and supplied by the BAA. That form contains general instructions regarding its completion, including the number of copies required, the place of filing, and a telephone number where further information could be obtained by the taxpayer. It calls for identification and address of the taxpayer and the agency from which appeal is taken, the tax year in issue, a description of the property, the facts and law on which the appeal is based, a list of witnesses' names and exhibits to be presented at the review hearing, and the estimated time for hearing. It is to be executed by the "Petitioner or, if any, *Agent* or Attorney for Petitioner." (emphasis added) Each corporation executed the prescribed form through an authorized officer or director, as "agent." Thereafter, each corporation appeared and prosecuted its appeal through an attorney.

The trial court dismissed these appeals on the ground that the applications were void because signed by nonlawyer officers or directors of the corporations.

■ We agree that a corporation can only appear in court by a licensed attorney and that proceedings instituted in violation of this rule are void. *Bennie v. Triangle Ranch Co.,* 73 Colo. 586, 216 P. 718 (1923). A corporation is an artificial entity created by law. Thus, unlike a natural person, it cannot appear or act in a judicial proceeding in person, but rather must act in legal

matters through a licensed attorney. *Clark v. Austin*, 340 Mo. 467, 101 S.W.2d 977 (1937). And, while the BAA is an administrative agency, it acts in a quasi-judicial capacity when it resolves disputes of adjudicative facts. *May Stores Shopping Centers, Inc. v. Shoemaker*, 151 Colo. 100, 376 P.2d 679 (1962).

The question whether the preparation and filing of Form BAA-1 Rev.1978 constitutes the practice of law depends upon the totality of circumstances and the character of the act. *Denver Bar Ass'n v. PUC*, 154 Colo. 273, 391 P.2d 467 (1964). The completion of this form does not require any knowledge and skill beyond that possessed by the ordinary, intelligent taxpayer. *Denver Bar Ass'n v. PUC, supra.* Thus, its preparation and filing is sufficiently informal to permit completion by a corporation through its officer or director. *See Ross v. Industrial Commission*, 39 Colo.App. 204, 566 P.2d 367 (1977).

Under the circumstances at issue, we know of no rule of law or procedure that requires or justifies dismissal of these corporate taxpayers' administrative petitions for review. *See Ross v. Industrial Commission, supra; Ginn v. Farley*, 43 Md.App. 229, 403 A.2d 858 (1979). Thus, we hold that the trial court erred in dismissing their complaints.

### C.

The appeals of Monfort and Kodak were heard by the Weld County Board of Equalization on July 25, 1980. The written resolution as to each taxpayer recites that the motion to affirm was passed at the July 25 hearing. The resolution concludes: "date presented: July 30, 1980." Kodak's and Monfort's petitions were received by the BAA on August 25, 1980, and August 27, 1980, respectively.

The date of the decision of the Denver City and County Board of Equalization as to CPS and Power Rental was August 1, 1980. CPS filed its petition for review with the BAA on September 9, 1980, Power Rental on September 10, 1980.

The 30-day time period for perfecting an appeal from decisions of county boards of equalization runs from the "entry" of such decisions. Section 39–2–125(1)(c), C.R.S.; *Colorado Rocky Mountain School, Inc. v. Shriver*, 689 P.2d 651 (Colo.App.1984). In *Colorado Rocky Mountain School, Inc. v. Shriver, supra*, where no hearing was conducted, we determined that the date of entry of the property tax administrator's decision was the date reflected upon the executed "notice of revocation and exemption." Under the circumstances of this case, we conclude that the "date presented," the date on which the resolutions were executed by the board members and mailed to the taxpayers, constitutes the date of "entry" of the decisions rather than the date of the hearing. Thus, the petitions of Kodak and Monfort were timely filed with the BAA.

Moreover, as to Kodak, the 30-day period following the July 25 hearing date ended on a Sunday. Kodak filed its petition for review the following Monday. Under such circumstances, the petition is deemed to be timely filed. Section 39–1–120(3), C.R.S.

In light of the foregoing we conclude that the trial court erred in granting summary judgment in favor of Weld County against Monfort and Kodak.

CPS and Power Rental failed to specify in their opening brief why the trial court erred in dismissing their claims for lack of timely filing. Therefore, the propriety of this ruling is not before us. *Buechner v. Rouse*, 538 P.2d 117 (Colo.App.1975) (not selected for official publication). We find no merit in the assertion contained in their reply brief that letters which "constructively advised" the BAA of their intent to appeal constituted a timely perfection of appeal. *See Colorado Rocky Mountain School v. Shriver, supra.* Thus, we conclude that the trial court did not err in dismissing their complaints for review.

## D.

■ BQP Industries, Inc., and First National Bank of Denver failed to file a notice of appeal in the trial court in accordance with C.A.R. 4(a). Thus, we are without jurisdiction to consider the appeal as to these parties. *Chapman v. Miller*, 29 Colo.App. 8, 476 P.2d 763 (1970).

## II.

The principal issue is whether Colorado law mandates that depreciation in the valuation of taxpayers' personal business property be allowed annually from the base year to the date of assessment for the tax years 1979 and 1980. We hold that it does.

In 1977 the General Assembly enacted § 39–1–104(9)(a) and (c), which provided in pertinent part:

"For the years 1977 through 1982, the 1973 level of value and the manuals and associated data published in the year 1973 by the administrator shall be utilized for determining actual value of real and personal property in any county of the state as reflected in the abstract of assessment for each such year.

. . . .

For the purposes of articles 1 and 9 of this title, 'level of value' means the actual value of taxable real and personal property as ascertained by the application of the applicable factors enumerated in section 39–1–103(5) for the calendar year immediately preceding the 'base year' which is the year for which the administrator is required by this article to publish manuals and associated data." Colo.Sess.Laws 1977, ch. 494 at 1731.

■ Section 39–1–103(5)(a), C.R.S., provided that the county assessor shall appraise and determine the "actual value" of personal business property. As pertinent here, actual value is determined by application of the factor of "current replacement cost, new, less depreciation."

The counties contend that under the clear, plain, and unambiguous meaning of these statutes, any depreciation factor is to be applied to the 1973 base year only and not thereafter. Taxpayers contend that under the clear, plain, and unambiguous meaning of these statutes, the depreciation factor must be applied annually from the base year to the date of assessment.

■ We conclude that the statutes are ambiguous in this regard. Thus, we must refer to established rules of statutory construction to determine the legislative intent. *Mooney v. Kuiper*, 194 Colo. 477, 573 P.2d 538 (1978).

■ If a statute is susceptible of both constitutional and unconstitutional interpretations, the court will construe it to avoid constitutional infirmities. *State Board of Medical Examiners v. Jorgensen*, 198 Colo. 275, 599 P.2d 869 (1979). *Colo. Const.* Art. X, Sec. 3, provides that all taxes shall be uniform upon each of the various classes of real and personal property located within the territorial limits of the authority levying the tax. All persons who are members of a class or all property logically belonging in a classification must receive equal treatment to that accorded all other persons or property in the same class. *American Mobile Home Ass'n v. Dolan*, 191 Colo. 433, 553 P.2d 758 (1976). Thus, application of this constitutional principle concerns not only the interrelationship of individual taxpayers within a class but also the interrelationship of specific items of personal property within the same class.

Here, for example, it was uncontradicted that personal business property of the Jefferson County taxpayers depreciated in value over time. Denial of application of the depreciation factor annually from the base year to the date of assessment resulted in older property bearing a substantially greater share of the tax burden than newer property. Likewise, short life property bore a substantially greater share of the tax burden as compared to long life items.

The counties' reliance on *Board of Assessment Review v. Stewart*, 378 A.2d 113 (Del.1977) is misplaced. There, the court was concerned with whether Delaware's constitutional mandate of uniformity in tax-

ation would permit the assessing authority to use a base year in the assessment of *real property* or whether the assessing authority was required to assess annually real property on a "current market value." That court held that because of disparate and conflicting means for determining "present market value" of real property, implementation of the taxpayers' proposed system, without a general classwide reassessment every time a property is assessed or reassessed, would result in the application of different measures of assessment between taxpayers of the same class, and thus, violate the uniformity provision of the Delaware Constitution. Here, however, allowance of depreciation annually from the base year to date of assessment on personal business property in accordance with the general statutory scheme prescribed by the General Assembly, promotes, rather than inhibits, uniformity.

■■■ While exact uniformity or mathematical accuracy in tax valuations is not required, *American Mobile Home Ass'n v. Dolan, supra,* in order to avoid constitutional infirmities, we construe §§ 39–1–104(9)(a) and (c) and 39–1–103(5)(a), C.R.S. (1977 Cum.Supp.) to require the application of the depreciation factor annually from the base year to the date of assessment.

Beside this constitutional uniformity requirement, we note that the legislative history of these statutes reflects that they are "tax relief" measures. Construction of the statutes as advocated by the counties would be contrary to the ends which the statutes were designed to accomplish, and thus, contrary to the intent of the General Assembly. *Mooney v. Kuiper, supra.*

■■■ Moreover, our construction of the statute is supported by application of the maxim that statutory provisions in pari materia must be considered together so as to harmonize the legislative scheme as a whole. *State Board of Medical Examiners v. Jorgensen, supra; Mooney v. Kuiper, supra.*

Section 39–1–104(9)(a), C.R.S. (1977 Cum. Supp.) provides for determination of value

"as reflected in the abstract of assessment for each year." It requires that the manuals and associated data published in the year 1973 be utilized in determining assessed valuation. Utilization of these manuals and associated data results in granting depreciation annually from the base year to the year of assessment.

Pursuant to § 39–5–101, C.R.S., the assessor is required to list all taxable property located within his county "on the assessment date." The assessment date is a discrete annual event, § 39–1–105, C.R.S. (1977 Cum.Supp.), which requires the taxpayer to submit annually a list of property to be assessed including its "age, quality, quantity or value." Section 39–5–107(2), C.R.S. (1977 Cum.Supp.).

Consideration of these statutory provisions in pari materia leads us to conclude that the General Assembly did not intend to "freeze" the value of personal property and the valuation process as of the base year 1973. Rather, the General Assembly intended to allow depreciation annually from the base year to the date of assessment.

The legislative history of the statutes also supports this conclusion. During the Senate Finance Committee Hearings concerning this legislation, Senator Schieffelen stated: "You do not freeze your depreciation." *Hearings on H.B. 1452 before the Colorado Senate Finance Committee,* 51st General Assembly, First Session, May 19, 1977.

■■■ Additionally, although subsequent legislative pronouncement of intent is not a part of the legislative history, such statements may be considered in construing the statute in question. *Bobsee Corp. v. U.S.,* 411 F.2d 231 (5th Cir.1969); *U.S. v. General Motors Corp.,* 518 F.2d 420 (D.C.Cir. 1975); *County of Nevada v. MacMillen,* 114 Cal.Rptr. 345, 11 Cal.3d 662, 522 P.2d 1345 (1974). Here, the same General Assembly that passed the original statute subsequently stated in a resolution that it was intended to permit depreciation annually from the base year to the date of assessment and that the resolution was passed

because the statutory provisions were being interpreted and administered contrary to that intent. *Senate Joint Resolution No. 2*, 51st General Assembly, Second Extraordinary Session.

In 1980 the General Assembly amended § 39–1–104(9), C.R.S. (1977 Cum.Supp.) to mandate plainly, clearly, and unambiguously that depreciation be allowed annually from the base year to the date of assessment on personal business property. Colo. Sess.Laws 1980, ch. 155, at 714. Such legislation clarifying the intent of an earlier statute is entitled to great weight in statutory construction. *Red Lion Broadcasting Co. v. F.C.C.*, 395 U.S. 367, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969).

■ Finally, where, as here, substantial doubt attends the construction of the applicable provisions of tax statutes, the statutes must be construed strictly in favor of the taxpayer. *Transponder Corp. of Denver, Inc. v. Property Tax Administrator*, 681 P.2d 499 (Colo.1984). We resolve this doubt in favor of taxpayers and against the government.

■ Hence, constitutional considerations of uniformity and applicable rules of statutory construction plus the legislative history, subsequent legislative pronouncement, and amendatory legislation all establish that the General Assembly intended that depreciation be allowed annually from the base year to the date of assessment.

The appeals of BQP Industries, Inc., and First National Bank of Denver are dismissed. The trial court's judgment of dismissal as to CPS and Power Rental is affirmed. All remaining judgments of the trial court are reversed, and the cause is remanded with direction to enter judgment in favor of all other appellants, affirming the rulings of the BAA as to the tax year 1980, reversing the rulings of the BAA as to the tax year 1979, and for such further proceedings as may be consistent with this opinion.

PIERCE and STERNBERG, JJ., concur.