Ken Torp Chief of Staff Office of the Governor 136 State Capitol Denver, Colorado 80203
Dear Mr. Torp:
This opinion letter is in response to your inquiry regarding the right of a Colorado state employee to use annual leave to work on a political campaign.
QUESTION PRESENTED AND CONCLUSION
Does section 1-45-116(1)(d), C.R.S. (1980) prohibit an employee or officer of a public agency from taking annual leave to work on a political campaign.
My conclusion is no.
ANALYSIS
Section 1-45-116, C.R.S. (1980) is a part of the Campaign Reform Act of 1974. Unlike the Federal Hatch Act, see5 U.S.C. § 7324(a)(2), section 1-45-116 does not
prohibit public employees from taking part in political campaigns. It simply sets forth limitations upon contributions, both financial and in kind, which a state agency or political subdivision may make to a campaign. The section in its entirety reads as follows:
 1-45-116. State and political subdivisions — limitations on contributions.
 (1) No agency, department, board, division, bureau, commission, or council of the state or any political subdivision thereof shall make any contribution or contribution in kind in campaigns involving the nomination, retention, or election of any person to any public office. They may, however, make contributions or contributions in kind in campaigns involving only issues in which they have an official concern. In such instances, unless specifically approved by the governing board or legislative body of the political subdivision involved:
 (a) No public funds or supplies shall be expended or used;
 (b) No employee or paid officer, other than the candidate, shall work on a campaign during working hours or use any public facility or equipment in a campaign during working hours;
 (c) No transportation or advertising involving public property or funds shall be provided for the purpose of influencing, directly or indirectly, the passage or defeat of an issue;
 (d) No employee or officer shall be granted leave from his job or office with the public agency, with pay, to work on a campaign.
The Act forbids state agencies and political subdivision from making any contribution to campaigns involving the nomination, retention, or election of any person to any public office. It permits limited types of contributions and contributions in kind in campaigns involving only issues in which the agency has an official concern. Subsection (1)(d), containing language limiting paid leave, is one of four exceptions to the agencies' authority to make contributions and contributions in kind in issue campaigns.
"Personal services are a contribution in kind by the person paying compensation therefor; volunteer services are not included." Section 1-45-103(5), C.R.S. (1980). If an agency were to pay an employee to take leave from his work and help with an issue campaign, it would be making a contribution in kind which, but for the limitation of subsection (1)(d), the agency would be permitted to make. The subsection prohibits this. To read the language more broadly would not only fly in the face of the words of the statute; it would make the exception to the rule broader than the rule itself.
The language, "leave . . . to work on a campaign" indicates that the leave referred to herein is the type of leave which is granted for a specified purpose. Annual leave is typically earned and approved for annual vacations and "other personal purposes." See, e.g., rule 6-1-1 of the Colorado State Personnel System, 4 CCR 801-1, at 66.1 (10/78). Annual leave may be taken only when authorized but the employee need not specify the purpose for which he wishes to take such leave. Other types of leave, however, such as injury leave, educational leave, administrative leave may not be taken until the employee has specified and the employer has approved the purpose for the leave. See 4 CCR 801-1.
A statute capable of more than one interpretation must be construed in the light of the apparent legislative intent and purpose, as well as by considering the ends that the statute was designed to accomplish and the consequences which would follow alternative constructions. Mooney v. Kuiper, 194 Colo. 477,573 P.2d 537 (1978). In interpreting the meaning of section1-45-116(1)(d), it is important to recognize the apparent intent of the legislature to impose greater restrictions on political activity associated with candidate campaigns. Examining the first sentence in 1-45-116, it may be concluded that by prohibiting contributions in kind, the legislature has prohibited a public employer from "loaning" an employee to a candidate campaign, or allowing him administrative leave for such purpose. This sentence does not, however, prohibit an employee from using his personal time, including annual leave time, to work on a candidate campaign. If 1-45-116(1)(d) were interpreted to include annual leave, a restriction would thus apply to issue campaigns which does not apply to candidate campaigns. This conclusion is not in keeping with the apparent legislative intent and purpose behind 1-45-116.
Furthermore, such a construction would raise significant constitutional concerns, in view of the nonpartisan nature of most issue campaigns. Wachsman v. City of Dallas,704 F.2d 160 (5th Cir. 1983); McGill v. Lynch, 560 F.2d 22
(5th Cir. 1977). A statute must be construed in a manner consistent with constitutional requirements whenever such a construction is reasonable and practicable. People v.Roybal, 618 P.2d 1121 (Colo. 1980); Colorado StateBoard of Medical Examiners v. Jorgensen, 198 Colo. 275,599 P.2d 869 (1979).
SUMMARY
In accordance with the above principles of statutory construction, it is my conclusion that section 1-45-116(1)(d), C.R.S. (1980) does not prohibit an employee or officer of a public agency from using annual leave to work on a political campaign.
Very truly yours,
 DUANE WOODARD Attorney General
LEAVES OF ABSENCE ELECTIONS EMPLOYEES, PUBLIC
Section 1-45-103(5), C.R.S. (1980) Section 1-45-116, C.R.S. (1980)
GOVERNOR, OFFICE OF
Section 1-45-116, C.R.S. (1980) does not prohibit public employees from taking annual leave to work on political campaigns.