**B.A. LEASING CORPORATION; B.A. Leasing Assets, Inc.; Colorado State Bank; Decimus Corporation; Gates Rubber Company; Honeywell Information Systems, Inc.; Kaiser Foundation Health Plan of Colorado, Inc.; Samsonite Corporation; Sperry Corporation; Adolph Coors Company; Coors Porcelain Company; and Coors Container Company, Petitioners-Appellants,**

**v.**

**The STATE BOARD OF EQUALIZATION of the State of Colorado; the County Board of Equalization for the County of Adams, State of Colorado; Arapahoe County Board of Equalization; Board of Equalization of the County of Boulder, State of Colorado; John Murphy, Margaret Markey and Robert Jenkins, in their official capacities as members of the Board of Equalization of the County of Boulder; El Paso County Board of Equalization; County Board of Equalization and the Board of County Commissioners For the County of Jefferson, State of Colorado; Larimer County Board of Equalization and the Board of County Commissioners For the County of Larimer, State of Colorado; County Board of Equalization and the Board of County Commissioners For the County of Weld, State of Colorado; Jefferson County School District No. RE–1; Weld County School District RE–4; Board of Equalization of the City and County of Denver; and the City and County of Denver, Respondents-Appellees.**

**No. 85CA1361.**

Colorado Court of Appeals,
Div. II.

May 21, 1987.

Rehearings Denied June 18, 1987.

Certiorari Granted (Gates) Oct. 5, 1987.

er, Denver, for petitioners-appellants (except Coors).

Bradley, Campbell & Carney, P.C., Victor F. Boog, Golden, for petitioners-appellants Adolph Coors Company, Coors Porcelain Co. and Coors Container Co.

Patrick R. Mahan, Co. Atty., Cile Pace, Chief Asst. Co. Atty., Golden, for respondents-appellees Jefferson County Bd. of Equalization and Bd. of County Com'rs for Jefferson County.

Stephen H. Kaplan, City Atty., Robert F. Strenski, Asst. City Atty., Denver, for respondents-appellees Bd. of Equalization of City and County of Denver, and City and County of Denver.

Kathryn L. Schroeder, Co. Atty., Brighton, for respondent-appellee The County Bd. of Equalization for Adams County.

James Heiser, Asst. Co. Atty., Littleton, for respondent-appellee Arapahoe County Bd. of Equalization.

Madeline Mason, Asst. Co. Atty., Boulder, for respondents-appellees Bd. of Equalization of Boulder County, John Murphy, Margaret Markey and Robert Jenkins.

Tom McNish, Co. Atty., Colorado Springs, for respondent-appellee El Paso County Bd. of Equalization.

Rick Zier, Asst. Co. Atty., Fort Collins, for respondents-appellees Larimer County Bd. of Equalization and The Bd. of County Com'rs for Larimer County.

Thomas O. David, Greeley, for respondents-appellees County Bd. of Equalization and The Bd. of County Com'rs for Weld County.

Caplan and Earnest, Richard Bump, Gerald A. Caplan, Boulder, for respondents-appellees Jefferson County School Dist. No. RE–1, and Weld County School Dist. RE–4.

Gorsuch, Kirgis, Campbell, Walker and Grover, Malcolm M. Murray, Vicki J. Fowl-

SMITH, Judge.

Various taxpayers appeal from the judgment of the trial court directing taxing authorities to pay refunds at six percent per annum interest pursuant to § 39–8–109, C.R.S. (1982 Repl.Vol. 16B). We affirm.

This case arises out of a dispute regarding the proper method of assessing the valuation of personal business property, the facts of which are more fully set forth in *BQP Industries v. State Board of Equalization*, 694 P.2d 337 (Colo.App. 1984). In that decision, we remanded the action to the district court with directions to enter judgment in favor of certain taxpayers.

Thereafter, the district Court awarded refunds to the taxpayers with simple interest thereon at the rate of six percent in accordance with § 39–8–109, C.R.S. (1982 Repl.Vol. 16B). The taxpayers now again appeal, asserting the district court erred in not awarding interest at one percent per month, as provided by §§ 39–10–114(1)(b) and 39–10–104(3)(a), C.R.S. (1982 Repl.Vol. 16B).

Colorado law recognizes different varieties of statutory relief afforded taxpayers aggrieved by the levy or assessment of taxes. Section 39–5–122, C.R.S. (1982 Repl. Vol. 16B) provides taxpayers the means to protest incorrect assessments to the county assessor. If the taxpayer is dissatisfied with the assessor's decision, the taxpayer may pursue the matter before the county board of equalization, thereafter before the Board of Assessment Appeals, and then to the district court (further judicial review may be sought in accordance with § 24–4–106, C.R.S. (1982 Repl.Vol. 10)), all in the manner provided by § 39–8–101, et seq., C.R.S. (1982 Repl.Vol. 10). If the taxpayer is successful, and the taxes have already been collected prior to resolution of the assessment dispute, § 39–8–109 directs that the taxpayer is to receive the appropriate refund together with interest thereon at the rate of six percent per annum.

This procedure is essentially designed to correct or adjust any error in assessment prior to levy and/or collection of a tax based thereon. It must be initiated prior to levy by the County Commissioners. The statute recognizes, however, that such proceedings may not be finally resolved before these actions are taken and thus provides for refund in the event the taxpayer prevails.

If the tax levy has already occurred for the year in question, and no proceedings have been previously commenced under these statutory provisions, a taxpayer may seek an abatement under §§ 39–1–113 and 39–10–114, C.R.S. (1982 Repl.Vol. 16B) by following the administrative procedure prescribed in these sections, or may seek abatement and refund on the basis of an erroneous or illegal levy. Any award of a refund under § 39–10–114 includes interest at the rate of one percent per month.

Prior to the Supreme Court's decision in *Board of Assessment Appeals v. Benbrook*, 735 P.2d 860 (Colo.1987) the case law of Colorado attempted to distinguish between these two independent administrative remedies primarily on the basis that one was intended to correct assessor's errors subject to adjustment and the other to provide relief from a tax levy which was wholly erroneous or illegal. *See Benbrook, supra.* The *Benbrook* case to a large extent eliminates these distinctions based on the nature of the error committed by taxing authorities. The distinctions which remain relate primarily to the time at which the taxpayer commences his administrative proceedings, *i.e.*, prior or subsequent to levy, and at whom they are directed, *i.e.*, the Assessor or the Board of County Commissioners.

■ In light of the *Benbrook* decision, it was proper for the taxpayers to elect to follow the procedure outlined in § 39–5–122. Accordingly, the interest rate on refunds specified by § 39–8–109, C.R.S. (1982 Repl.Vol. 163) applies here, rather than the higher rate which would have been applicable under the abatement and refund procedure delineated in §§ 39–10–113 and 39–10–114.

■ The taxpayers alternatively argue that they are, at a minimum, entitled to interest at the rate of eight percent per annum as provided by § 5–12–101, C.R.S. As the interest rate specified for the refund of taxes is contained in a statute narrowly drawn to cover only such issue, we reject the contention that the general interest rate statute is applicable. *See* § 2–4–205, C.R.S., (1980 Repl.Vol. 1B).

■ Respondent Denver's argument that this court lacks jurisdiction over it on this appeal is likewise without merit. A timely notice of appeal in this regard was filed. Although service of the notice may well not have been timely, that defect does not defeat the jurisdiction of this court. C.A.R. 3(a) provides in pertinent part:

"Failure of an appellant to take any step other than the timely filing of a notice of appeal in the appellate court does not affect the validity of the appeal...." (emphasis added)

The judgment of the trial court is affirmed.

TURSI and BABCOCK, JJ., concur.