**Daniel E. WARD, Petitioner–Appellant,**

v.

**DOUGLAS COUNTY BOARD OF COMMISSIONERS, Respondent–Appellee,**

**and**

**Board of Assessment Appeals of the State of Colorado, Appellee.**

No. 93CA1832.

Colorado Court of Appeals, Div. III.

Nov. 3, 1994.

Powers Professional Corp., William A. Powers, Littleton, for petitioner-appellant.

J. Mark Hannen, County Atty., Thomas W. McNish, Asst. County Atty., Castle Rock, for respondent-appellee.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Mark W. Gerganoff, Asst. Atty. Gen., Denver, for appellee.

Opinion by Judge DAVIDSON.

In this property tax case, petitioner, Daniel E. Ward (taxpayer), appeals from an order of the Board of Assessment Appeals (BAA) which dismissed, as untimely filed, his administrative appeal from an adverse decision of respondent, the Douglas County Board of Commissioners (BOC). We affirm.

The relevant facts are not in dispute. The record reveals that, following a hearing on July 1, 1992, the BOC denied taxpayer's petitions for an abatement or refund of a portion of his 1987, 1988, and 1990 property taxes.

On July 31, 1992, the BOC mailed written notice of this denial to taxpayer's last known address, as shown on his abatement or refund petitions to the BOC. On August 5, 1992, this notice was returned to sender by the postal service, which indicated that the addressee had "moved" and "left no address," and that it therefore was "unable to forward" this mailing. In an affidavit subsequently filed with the BAA, the individual who sent this notice on behalf of the BOC further stated also that taxpayer did not notify the BOC of any change in his address.

According to his own affidavit filed with the BAA, taxpayer was unaware of the BOC's denial of his petitions until he obtained actual notice of this decision in person at the BOC's office on November 17, 1992. On December 15, 1992, within thirty days of that date, taxpayer filed his administrative appeal with the BAA.

At the hearing before the BAA, the BOC moved to dismiss the appeal as having been untimely filed, because it had not been filed within thirty days of the date of mailing of the notice..

Following a brief argument, the BAA granted the BOC's motion and dismissed the appeal. Finding that the BOC properly mailed notice of its decision to taxpayer and that the nondelivery of this notice resulted from taxpayer's own failure to "notify the county that he had moved" or even to "leave a forwarding address with the post office," the BAA ruled that it lacked jurisdiction in this case because taxpayer had not timely filed this administrative appeal.

■ Citing *Utah Motel Associates v. Denver County Board of Commissioners*, 844 P.2d 1290 (Colo.App.1992), taxpayer argues that the BAA erred because the thirty days did not begin to run until he received actual notice of the BOC's decision. We do not agree.

■ By statute, a taxpayer's administrative appeal from a BOC decision denying a petition for abatement or refund of property taxes must be filed with the BAA no later than thirty days after the "entry" of any such decision. Sections 39–2–125(1)(f) & 39–10–114.5(1), C.R.S. (1994 Repl.Vol. 16B). Compliance with this statutory time limit is a jurisdictional requirement. *See Fleisher–Smyth Co. v. Board of Assessment Appeals*, 865 P.2d 922 (Colo.App.1993); *Colorado Rocky Mountain School, Inc. v. Shriver*, 689 P.2d 651 (Colo.App.1984).

In *Utah Motel Associates v. Denver County Board of Commissioners, supra,* a division of this court held that, under these statutory provisions, the date of "entry" of a BOC decision denying a taxpayer's abatement or refund petition is the date on which the BOC mails notice of its decision to the taxpayer.

There, the court noted that a letter properly mailed is presumed received by its addressee. However, in that case, the taxpayer denied receiving the mailed notice. In that situation, the court concluded, the mailing of the notice is insufficient to start the running of the statutory thirty-day time period and the time period does not begin until the date the taxpayer received actual notice of the BOC's decision.

Contrary to taxpayer's contention, however, both the circumstances and the issue in this case are different.

■ Under applicable principles of statutory construction, statutory notice requirements pertaining to tax proceedings must be interpreted so as to comply with due process under the United States and Colorado constitutions. *See Omnibank Iliff, N.A. v. Tipton*, 843 P.2d 71 (Colo.App.1992). Thus, implicit in the *Utah Motel* case are the procedural due process concerns which arise from a taxpayer's failure to receive notice of the denial.

**312**

Here, however, the nondelivery of the mailed notice is attributable to taxpayer's own failure to give the BOC an address where a mailed notice would reach him or to leave a forwarding address with the postal service. Thus, there are no similar due process concerns. *See Ault v. Department of Revenue*, 697 P.2d 24 (Colo.1985) (discussing the significance of a party's control over and responsibility for receipt of notice); *Klingbeil v. State*, 668 P.2d 930, 933 (Colo.1983) (driver "cannot now blame the state for insufficient notice arising out of his own irresponsibility when the state complied with the procedural protections provided by statute").

We therefore hold that, because the taxpayer's lack of receipt of the mailed notice here was attributable to circumstances within his control, the running of the statutory thirty-day time period commenced on the date notice of that decision was mailed to the taxpayer's last known address. *See* §§ 39-2-125(1)(f) & 39-10-114.5(1); *see also Utah Motel Associates v. Denver County Board of Commissioners, supra; cf. Ault v. Department of Revenue, supra; Klingbeil v. State, supra.*

Consequently, taxpayer's administrative appeal from the BOC's decision was untimely filed with the BAA and, therefore, the BAA properly dismissed it for lack of subject matter jurisdiction. *See* §§ 39-2-125(1)(f) & 39-10-114.5(1); BAA Rule 21, 8 Code Colo.Reg. 1301-1 (1988); *see also Colorado Rocky Mountain School, Inc. v. Shriver, supra.*

■ We also reject taxpayer's procedural arguments that the BAA made inadequate findings on an insufficient factual record to support its ruling and that the case should be remanded for an evidentiary hearing and a new ruling on the jurisdictional issues.

Although the BAA's oral and written rulings are not a model of clarity, the pertinent facts were undisputed matters that were established by the pleadings in the record before the BAA. The BAA's findings are adequate to apprise us of the basis of its decision; thus, a remand for further proceedings by the BAA is unnecessary, and we decline to disturb the BAA's ruling on appeal. *See Burns v. Board of Assessment Appeals*, 820 P.2d 1175 (Colo.App.1991).

Accordingly, the order of the BAA is affirmed.

STERNBERG, C.J., and JONES, J., concur.