In the Matter of the ESTATE OF Lydia
Margaret NAGEL, a/k/a Lydia M.
Nagel, Deceased.

HEALTH MANAGEMENT SYSTEMS,
INC., on Behalf of the STATE of Colora-
do, DEPARTMENT OF HEALTH
CARE POLICY AND FINANCING, Pe-
titioner–Appellee,

v.

Nina I. RAMSER, as Personal Represen-
tative of the Estate of Lydia Margaret
Nagel, a/k/a, Respondent–Appellant.

No. 96CA1737.

Colorado Court of Appeals,
Div. II.

Dec. 26, 1997.

Machol & Johannes, P.C., James A. Kap-
lan, Denver, for Petitioner–Appellee.

Dolan and Associates, Michael A. Dolan,
Frederic J. Flemings, III, Brighton, for Re-
spondent–Appellant.

Opinion by Judge ROTHENBERG.

Respondent, Nina I. Ramser, as personal
representative of the Estate of Lydia Marga-
ret Nagel (the Estate), appeals from the
judgment in favor of petitioner, Health Man-
agement Systems, Inc. (HMS). We vacate
the judgment and remand with directions to
strike the petition.

HMS is a private corporation under con-
tract with the State of Colorado to aid in the
recovery of medical assistance payments. In
1995, it filed a claim with the Estate to
recover Medicaid payments allegedly paid on
behalf of the decedent pursuant to Colorado's
Medical Assistance Estate Recovery Pro-
gram. *See* 42 U.S.C. § 1396p (1994) and
§ 26–4–403.3, C.R.S.1997.

After the personal representative disal-
lowed the claim, HMS filed a petition in the
district court for allowance of the claim. The
petition was signed and submitted on HMS'
behalf by an individual who was not an attor-
ney.

The personal representative moved to
strike the petition as void because HMS was
not represented by an attorney at the time it
was filed. HMS then appeared through
counsel and opposed the motion to strike.
However, it did not seek to amend its peti-
tion to correct the alleged defect. The dis-
trict court denied the motion to strike and,
following a trial, it allowed HMS' claim and
entered judgment in its favor.

The personal representative contends the
trial court erred in denying her motion to
strike because HMS' petition was not signed
by an attorney. We agree.

■ Generally, a corporation may appear in a court of record only through an attorney. Subject to certain exceptions, proceedings commenced or prosecuted and pleadings filed by a corporation without an attorney are a nullity and will be stricken. *See Bennie v. Triangle Ranch Co.*, 73 Colo. 586, 216 P. 718 (1923); *Woodford Manufacturing Co. v. A.O.Q., Inc.*, 772 P.2d 652 (Colo.App.1989), *cert. denied as improvidently granted*, 797 P.2d 748 (Colo.1990); *BQP Industries, Inc. v. State Board of Equalization*, 694 P.2d 337 (Colo.App.1984). *See also* § 12–5–101, C.R.S.1997.

HMS concedes that no statutory exception applies and that a pleading executed and filed by a non-attorney employee on behalf of a corporation normally would be null and void. However, HMS urges us to create judicially an exception to the general rule as occurred in *BQP Industries v. State Board of Equalization, supra.*

In *BQP Industries,* various corporations filed taxation assessment appeals with the Colorado State Board of Assessment Appeals (BAA) and the forms initiating the appeals were signed by non-attorney corporate employees. At issue there, as here, was the validity of the appeal forms.

After acknowledging the general rule which requires corporations to have counsel, the panel concluded that the forms nevertheless did not have to be stricken. Specifically, it held that the preparation and filing of the initial appeal forms did not amount to the practice of law because: (1) the proceedings were before an administrative agency and not a court of record; (2) the forms were signed by authorized officers or directors of the corporations; and (3) the official form of the BAA then in effect allowed execution by a non-attorney agent of the petitioner and did "not require any knowledge or skill beyond that possessed by the ordinary, intelligent taxpayer." *BQP Industries v. State Board of Equalization, supra*, 694 P.2d at 342. *See also* § 39–2–127(4), C.R.S. 1997 (allowing corporations to appear before the BAA "by an attorney ... or by any other individual....").

Here, however, the proceedings were conducted before a court of record. Further, official CPC Form 39–C does not allow execution by a non-attorney agent of the petitioner-corporation, as did the BAA form used in *BQP Industries.* Therefore, we conclude that *BQP Industries* is factually distinguishable.

■ Nor are we persuaded by HMS' assertion that its procedure of initially using non-attorneys to file the forms is cost effective and promotes a public purpose by helping the state obtain more funds under the Colorado Medical Assistance Estate Recovery Program. Even if we assume some financial benefit to the public, to rule as HMS urges would create judicially an exception that would allow collection agencies routinely to file court pleadings without counsel. We do not believe the narrow holding in *BQP Industries* justifies such a result.

In summary, we conclude that HMS' petition was null and void because it was not signed by an attorney. *See Bennie v. Triangle Ranch Co., supra.* Accordingly, the district court erred in denying the personal representative's motion to strike the petition.

In view of this conclusion, we do not consider the other issues raised on appeal.

The judgment is vacated and the cause is remanded with directions to strike the petition.

CRISWELL and DAVIDSON, JJ., concur.