THE COCA-COLA BOTTLING PLANTS, INC., APLT.
*vs.*
ERNEST H. JOHNSON, STATE TAX ASSESSOR

Cumberland.   Opinion, March 26, 1952.

*Hutchinson, Pierce, Atwood & Scribner*, for plaintiff.

*Ernest H. Johnson, State Tax Assessor,*
*Boyd L. Bailey, Asst. Atty. Gen.,*
*Miles P. Frye, Asst. Atty. Gen.*, for defendant.

SITTING: MURCHIE, C. J., FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ. (THAXTER, J., did not sit.)

WILLIAMSON, J. The question is whether the common returnable soft drink bottle, on which a deposit is made on purchase and refunded on return, is a "container" within the meaning of Section 2 of the "Sales and Use Tax Law."

·The appellant, a bottler in Maine, purchased bottles from an Ohio manufacturer. If the bottles were "containers," the purchase was not "at retail sale" and not taxable. If the bottles were not "containers," the purchase was "at retail sale" and taxable.

The case is an appeal to the Superior Court from the decision of the State Tax Assessor upon a petition by appellant for reconsideration of an assessment of a "use" tax in the amount of $34.78. *Sections 29 and 30.* It is before us on report upon an agreed statement of facts. References to the statutes are to the "Sales and Use Tax Law." P. L., 1951, Chap. 250 (also designated as R. S., Chap. 14A).

The parts of the "Sales and Use Tax Law" with which we are concerned read as follows:

> "Sec. 2. **Definitions.** The following words, terms and phrases when used in this chapter have the meaning ascribed to them in this section, except where the context clearly indicates a different meaning:
>
> - - - - - - - - - -
>
> > "Retail sale" or "sale at retail" means any sale of tangible personal property, in the ordinary course of business, for consumption or use, or for any purpose other than for resale in the form of tangible personal property.
> >
> > - - - - - - - - - -
> >
> > "Retail sale" or "sale at retail" do not include the sale of containers, boxes, crates, bags, cores, twines, tapes, bindings, wrap-

pings, labels and other packing, packaging and shipping materials when sold to persons for use in packing, packaging or shipping tangible personal property produced or sold by them.

- - - - - - - - - -

"Sec. 4. **Use tax.** A tax is hereby imposed on the storage, use or other consumption in this state of tangible personal property, purchased at retail sale on or after July 1, 1951 at the rate of 2% of the sale price. . . . . . . . .

"Sec. 10. **Exemptions.** No tax on sales, storage or use shall be collected upon or in connection with: . . . . . . . . .

"X. **Containers.** Sales of returnable containers when sold with the contents in connection with a retail sale of the contents or when resold for refilling."

The "use" tax under Section 4 is based upon a purchase "at retail sale." To determine the meaning of "retail sale" we turn to the definitions in Section 2. "Retail sale," or "sale at retail," under the first sentence quoted does not include a sale for resale.

If the bottles in question were purchased for resale by the bottler, there would clearly be no tax on the transaction. For the purposes of this case, however, we assume that the appellant neither purchased the bottles for resale nor sold them. The appellant contends that it does not sell bottles and specifically that it does not seek an abatement of the tax under the resale provision. The state admits in argument that the bottles are not sold "in the ordinary sense" to a distributor or consumer.

We are concerned with the first and last sentences, quoted above, of the paragraph in Section 2 defining "retail sale." Under the first sentence standing alone the purchase by the appellant was a "retail sale." It was a sale for "use" of the bottler or in any event "for a purpose other than for resale."

The definition of "retail sale" or "sale at retail" is not found in the first sentence alone. We must consider the entire definition, and for our immediate purpose the last sentence of the paragraph.

We come now to the "container" sentence and to the question vital to the controversy. The state says that "container" under the statute includes a non-returnable or "throw away" bottle but not the returnable bottle. The appellant says whether or not the bottle is returnable is of no consequence. In either event it says the bottle is a "container," and with this view we agree.

We recognize the principles of *"noscitur a sociis"* and *"ejusdem generis."* See *50 Am. Jur. 241 et seq. and 59 C. J. 979 et seq.* There is no place here, however, for the application of the principles.

What is there, we may ask, in this paragraph fairly and reasonably to lead one to believe that non-returnable bottles are "containers" and returnable bottles are something else? The legislature, had it wished to limit "container" to the non-returnable or "throw away" bottle, could readily have so provided.

It is suggested that Section 10-X, exempting returnable containers from tax under certain conditions, indicates significantly that the "container" of Section 2 is of the non-returnable or "throw away" variety and does not include the returnable bottle. Section 10-X operates, it is clear, at the level of the retail sale of the contents of the container or at the level of the sale of the container for refilling. It has no bearing upon a sale, such as the transaction before us, from manufacturer to bottler. In our view the plain and ordinary meaning of "container" in Section 2 is not to be altered in such an indirect manner.

The state further urges that on appellant's theory every sale of returnable bottles will escape taxation contrary to

the intent of the legislature that one sale of tangible personal property, with certain exceptions, should be taxed and that the taxable sale should be at the level of consumption or use. It is undoubtedly true that if the returnable bottle is a statutory "container," there will be neither sales nor use tax upon a sale of the bottles.

Under such a construction, however, will not the cost of the bottles be reflected in the sale price—and in the taxable price, unless an exempted sale—of the bottled goods? In the long run the price of the beverage must include the cost of the bottle. The returnable bottle is taxed as fully as the wrapping paper, twine and bag, once used and then destroyed.

It was well stated in briefs and argument that little help would be derived from decisions and statutes in other states. *Gay, Comptroller* v. *Canada Dry Bottling Co. of Florida, Inc.*, decided by the Supreme Court of Florida in an opinion filed February 8, 1952, alone calls for particular discussion. Under the 1949 Act sales of "materials, containers, labels, sacks or bags used for packaging tangible personal property for shipment or sale" were excluded from tax. The provision follows closely the "container" sentence in our statute. The Florida Court in 1952 held that returnable soft drink bottles were not "containers." The decision was grounded in large measure upon a 1951 amendment to the Act which in terms limited the exclusion from tax to containers, etc., "intended to be used one time only." The court concluded that the legislature intended to clarify and not to change the law and that in 1949 the legislature intended the returnable container to be taxed, although it did not say so in plain words until 1951.

For our purpose it is sufficient to say that we have no such amendment to our statute. We are not, therefore, called upon to decide what weight should be given to an

amendment in determining the legislature's intent at an earlier date.

Our duties are judicial in nature. We must guard against trespassing upon the fields of the legislative and executive branches of government. We are not charged with responsibility for the economic and social effects of taxation. Our task is to ascertain and to give effect to the intention of the legislature.

It seems to us plain and clear that a soft drink bottle is a container, and that the fact it may be attracted to the bottler for repeated use by device of deposit and refund does not alter its character.

If a change in the law is desired it must come from the legislature. It cannot come by rule or regulation of the state tax assessor, or by decree of court. The case was reported to the Law Court "which court shall determine the legal rights of the parties and all questions of law arising in said cause and render final decision in accordance therewith." Neither party seeks costs.

The entry will be

> *Appeal to Superior Court sustained.*
> *Judgment for appellant without costs.*
> *Tax abated.*
>
> *Case remanded to Superior Court for decree in accordance with opinion.*