No. 24015.

HUGH H. C. WEED, JR., AS DIRECTOR OF REVENUE OF THE STATE OF COLORADO, JOHN HECKERS, SUBSTITUTED DEFENDANT *v.* JOE OCCHIATO, CARLO OCCHIATO, ROSE OCCHIATO, JENNY GERSICK, HELEN PERRINO, AND THERESA ROSSI, CO-PARTNERS DOING BUSINESS AS PEPSI-COLA BOTTLING COMPANY, PUEBLO, COLORADO, AND PEPSI-COLA BOTTLING COMPANY OF PUEBLO, A COLORADO CORPORATION.

(488 P.2d 877)

Decided September 20, 1971.    Rehearing denied October 26, 1971.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, HAROLD L. NEUFELD, Assistant, for plaintiff in error.

CREAMER & CREAMER, GEORGE LOUIS CREAMER, for defendants in error.

FAIRFIELD and WOODS, CHARLES J. BEISE, PETER F. BREITENSTEIN, for amicus curiae.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

THIS action was initiated by the Pepsi-Cola Bottling Company of Pueblo, pursuant to C.R.C.P. 106. The validity of the tax imposed against the company under the provisions of the Colorado Sales and Use Tax Law for its purchases of glass bottles from bottle manufacturers is in issue. The district court held that the bottles were specifically exempt from taxation, and the Director of Revenue of the State of Colorado brought this appeal. We concur in the district court's interpretation of the statute and affirm the judgment.

C.R.S. 1963, 138-5-2 (14), provides for the following sales tax exemptions:

"Sales to and purchases of tangible personal property by a person engaged in the business of manufacturing, compounding for sale, profit or use, any article, substance or commodity, which tangible personal property enters into the processing of or becomes an ingredient or component part of the product or service which is manufactured, compounded or furnished and *the container,* label, or the furnished shipping case thereof, shall be deemed to be wholesale sales and *shall be exempt from taxation* under sections 138-5-1 to 138-5-32." [Emphasis added.]

Use tax exemptions are set forth in C.R.S. 1963, 138-5-34. Under C.R.S. 1963, 138-5-34(7), the use tax shall not apply:

"To the storage, use or consumption of tangible personal property by a person engaged in the business of manufacturing, compounding for sale, profit or use, any article, substance or commodity, which tangible personal

property enters into the processing of or becomes an ingredient or component part of the product or service which is manufactured, compounded or furnished and *the container,* label or the furnished shipping case thereof." [Emphasis added.]

Both statutory provisions clearly provide a container exemption. Thus, the crucial issue is the meaning of the word *container.*

The State contends that the word *container* includes non-returnable bottles, but not returnable bottles. As authority for its position, the State relies on State Department of Revenue Regulation 39 which was promulgated by the Director of Revenue pursuant to his authority to adopt rules not inconsistent with the provisions of the Colorado sales and use tax statutes. 1965 Perm. Supp., C.R.S. 1963, 138-9-11(1).

We see nothing in the statutory provisions which suggests that non-returnable bottles are containers and returnable bottles are something else. Moreover, if the Legislature had wished to make such a distinction, the manifestation of its intent could have been readily accomplished. To us, it appears elementary that a bottle is a container, and whether or not a bottle is returnable is clearly of no consequence. *Undercofler v. Buck,* 107 Ga. App. 870, 132 S.E.2d 157 (1963); *Evans v. Memphis Dairy Exchange, Inc.,* 194 Tenn. 317, 250 S.W.2d 547 (1952); *Coca-Cola Bottling Plants, Inc. v. Johnson,* 147 Me. 327, 87 A.2d 667 (1952).

We, therefore, conclude that State Department of Revenue Regulation 39 is inconsistent with the statutory provisions creating the container exemptions and is void. *Undercofler v. Buck, supra.* If a change in the law is desired, it must be accomplished by the General Assembly, for neither the Director of Revenue nor this Court is empowered with taxing authority. Colo. Const., art. III; Colo. Const., art. V, § 31.

Judgment affirmed.