## No. 27878

**Alvin L. Cohen and Geraldine R. Cohen v. State of Colorado, Department of Revenue, and Joseph F. Dolan, Executive Director of Department of Revenue**

(593 P.2d 957)

Decided April 16, 1979. Opinion modified and as modified rehearing denied May 14, 1979.

386

Isaacson, Rosenbaum, Spiegleman & Friedman, P.C., Stanton D. Rosenbaum, Barry J. Goldstein, for plaintiffs-appellees.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Stephen H. Kaplan, Assistant, for defendants.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

After notice of deficiency, assessment and a hearing, the Executive Director of the Department of Revenue determined that the appellees-taxpayers were liable for a surtax on their respective shares of 1974 income of the Subchapter S corporation in which they were shareholders. On review the district court concluded that the taxpayers' proportionate shares of the Subchapter S corporation's income were not dividends for surtax purposes. The trial court held regulations 138-1-6(1) and 138-1-36 invalid because these regulations attempted to broaden the definition of "dividends" beyond the scope intended by the General Assembly in enacting section 39-22-106(1), C.R.S. 1973. We affirm.

Taxpayers Alvin and Geraldine Cohen, husband and wife, are Colorado residents and majority stockholders of a Colorado corporation, the Al Cohen Construction Company. In 1974, Mr. Cohen owned 102 shares representing 51 per cent of the corporation's outstanding stock, and Mrs. Cohen owned 78 shares, representing 39 per cent of the outstanding stock. The stockholders elected tax treatment under Subchapter S of the Internal Revenue code of 1954, sections 1371-1379.

The Cohens, on their 1974 federal and Colorado joint income tax returns, reported their respective shares of the Al Cohen Construction Company earnings for its fiscal year ending June 30, 1974, in substantial amounts proportionate to their respective percentages of stock ownership. They paid federal and Colorado income taxes on these amounts. In addition to paying taxes on his proportionate share of the corporation's undistributed 1974 earnings, Mr. Cohen also reported and paid tax on a salary paid to him by the corporation during 1974. However, the taxpayers did not pay any Colorado surtax on their respective shares of the corporation's 1974 earnings.

Less than two and one-half months after the end of the corporation's 1974 fiscal year, and in compliance with I.R.C. Section 1375(f), the Subchapter S corporation distributed substantial sums of money to both Mr. and Mrs. Cohen.

The appellant Department of Revenue contends that a shareholder's proportionate share of the income earned by a Subchapter S corporation constitutes dividends subject to the Colorado surtax. Section 39-22-106(1), C.R.S. 1973. The Department of Revenue has promulgated regulations to this effect. Regulation 138-1-6(1), effective January 1, 1973, states in pertinent part:

"The terms 'interest' and 'dividends' . . . as used in [section 39-22-106(1)] include . . . the stockholder's share of the taxable income of an electing small business corporation (except that portion treated as long-term capital gain) whether or not such income was distributed during the taxable year of the corporation which ends with or within the taxable year of the shareholder . . . ."

Regulation 138-1-36, also effective January 1, 1973, provides:

"The shareholders of a 'subchapter S' corporation shall report their share of the subchapter S corporation income as subject to both the Colorado normal tax and (except for that portion treated as a long-term capital gain) the Colorado surtax . . . ."

In 1958 Congress adopted Subchapter S of the Internal Revenue Code (sections 1371-1379), to enable small businesses to choose the most desirable form of business organization for their circumstances without having the choice dictated by tax considerations. S. Rpt. No. 1983, 85th Cong., 2d Sess. (1958). These provisions enable electing small business corporations to qualify for the non-tax advantages of incorporation such as

continuity of existence, insulation from personal liability, and ease of transferability of ownership, without the concomitant "double taxation" of corporate earnings. The general scheme is to tax the income earned by a corporation electing Subchapter S treatment only once, at the shareholder level. *See* 7 *Mertens, Law of Federal Income Taxation* § 41B.01 (1976); *Bittker & Eustice, Federal Income Taxation of Corporations and Shareholders* § 6.02 (3d ed. 1971). This scheme, of course, contrasts with the normal pattern of imposing a tax on the corporation's profits, payable by the corporation, and an additional tax on dividends distributed by the corporation, payable by the individual shareholders.

The central mechanism of the Subchapter S structure is the taxation of each shareholder for a proportionate share of the corporate income earned during the corporation's tax year. I.R.C. § 1373(a). The corporate income is treated as having been "passed through" to the shareholders regardless of whether in fact it is distributed. To each shareholder is attributed a portion of the corporation's taxable income proportionate to his or her share of the total stock, and each shareholder is taxed accordingly.

Except for long-term capital gains, the corporate income attributed to shareholders does not retain the character it had at the corporate level. I.R.C. § 1375(a). Because income earned by a Subchapter S corporation is not taxed at the corporate level, the shareholders to whom it is attributed are not entitled to claim a dividends-received exclusion. I.R.C. § 1375(b).

As a result of Subchapter S, the shareholders report the corporation's income, whether or not distributed, as if it were their personal income and the federal tax at the corporate level is eliminated. *See* 7 *Mertens, supra* at § 41B.26-35; *Bittker & Eustice, supra* at § 6.05.

The Colorado General Assembly has adopted the Subchapter S scheme and has exempted from the state's corporate income tax small business corporations electing Subchapter S tax treatment. Section 39-22-302, C.R.S. 1973. The Colorado Department of Revenue, however, has attempted to apply the dividend surtax against each shareholder's proportionate share of income earned by Subchapter S corporations. This has been accomplished, not by amending subsection 39-22-106(1), the surtax statute, which was enacted in 1937 (21 years before there were Subchapter S corporations), but by the Department of Revenue's adopting regulations. That statute imposes a surtax on the portion of gross income which exceeds $5,000 and "consists of or is derived from dividends and interest . . . ." Thus the question is whether income attributed to the shareholders of a Subchapter S corporation constitutes dividends subject to surtax under this provision. We hold that it does not.

Colorado tax statutes provide no definition of the term "dividend." We must assume, therefore, that the General Assembly intended the word "dividend" as used in the surtax statute be given its usual and

ordinary meaning. A "dividend" normally means a distribution to shareholders out of, or attributable to, a corporation's earnings or profits. *See* I.R.C. § 316; *Commissioner of Internal Revenue v. Cohen,* 121 F.2d 348 (5th Cir. 1941); *Bittker & Eustice, supra* at §§7.01-.07; 1 *Mertens, supra* at § 9.05.

■ Thus one key element of a dividend is a distribution of earnings, actual or constructive. Here, however, the Department of Revenue has attempted to surtax Subchapter S corporation income which had not been actually distributed in the fiscal year in which it was earned. Nor can it be said that the corporation's income had been constructively distributed and received, for it was not unqualifiedly subject to demand or withdrawal by the shareholders. 1 *Mertens, supra* at § 9.05. Absent a distribution there can be no "dividend" upon which the surtax can be imposed.

In this case an actual distribution of the corporation's 1974 income was made to the shareholders within two and one-half months after the close of the corporation's tax year. However, because of I.R.C. § 1375(f), this distribution was treated as not made out of the corporation's earnings and profits. Thus the amounts cannot be considered as dividends[1] for tax purposes.

By applying the surtax only to dividends and interest the legislature apparently intended to single out for a special, higher tax rate these two common types of income from "passive" investments. Both types of surtaxed income are the fruit of capital investment rather than of labor or other application of the taxpayer's personal talents to producing income. In effect the surtax adds an additional dimension of progressivity to the state income tax rate structure by imposing a special higher rate on these two common forms of "unearned" income.

In contrast, the earnings of a Subchapter S corporation, like those of other closely held corporations, are usually generated, at least in part, by the shareholders' direct work, including management of the corporation's business. Many Subchapter S corporations are "one person" operations, are owned entirely by one family which runs the business, or are wholly owned by several persons who are active in the business. Ordinarily, therefore, Subchapter S earnings are not "passive" income of the kind intended to be surtaxed, *e.g.,* interest from bonds or savings accounts, or dividends from stock in publicly held corporations. Indeed a corporation cannot become or remain a Subchapter S corporation if more than twenty per cent of its gross receipts consist of these passive types of income. I.R.C. § 1372(e)(5) as amended by § 3(a) of Public Law 89-389 (1966).

---

[1] It should be noted that the Department of Revenue is not attempting to surtax the amounts actually distributed to shareholders. Rather the department imposed the surtax on the corporation's entire 1974 fiscal year earnings attributable to the shareholders without regard to actual distribution.

 Since we have held that the General Assembly did not intend for the surtax to apply to Subchapter S corporation earnings, it follows that the Department of Revenue's regulations 138-1-6(1) and 138-1-36, which attempt to apply the surtax to these earnings, are inconsistent with section 39-22-106(1) and void. *See Weed v. Occhiato,* 175 Colo. 509, 488 P.2d 877 (1971). A regulation may only carry into effect the will and policy established by the legislature and may not modify or contravene the existing statute. *Travelers Indemnity Co. v. Barnes,* 191 Colo., 278, 552 P.2d 300 (1976); *Big Top v. Schooley,* 149 Colo. 116, 368 P.2d 201 (1962); *Liebhardt v. Tasher,* 132 Colo. 554, 290 P.2d 1107 (1954). The Department of Revenue, by these regulations, has, in effect, attempted to enact a new tax by amending and extending the surtax statute beyond the scope intended. It is elemental that only the General Assembly may originate taxes. *Colo. Const.,* Art. III and Art. V, section 31. Clearly an administrative body has no power to impose a new tax. If the General Assembly desires to extend the surtax to Subchapter S corporation earnings, it may accomplish that result by legislation.

The Department of Revenue argues that the General Assembly's general reenactment in 1974 of the entire law of Colorado constituted an adoption of the department's prior administrative interpretation of the surtax's application. We decline to presume that these obscure, highly specialized income tax regulations were in the minds of the many legislators who voted to recodify the entire body of Colorado statutory law.

For the foregoing reasons, the district court judgment is affirmed.

MR. JUSTICE PRINGLE does not participate.