**ADOLPH COORS COMPANY, a Colorado Corporation, Plaintiff-Appellee,**

v.

**Alan N. CHARNES, Executive Director, Colorado Department of Revenue, Defendant-Appellant.**

**No. 82CA1191.**

Colorado Court of Appeals, Div. II.

July 5, 1984.

Rehearing Denied Aug. 2, 1984.

Certiorari Granted Nov. 5, 1984.

Bradley, Campbell & Carney, P.C., Victor Boog, Thomas G. Hodel, Golden, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Roger Morris, Asst. Atty. Gen., Denver, for defendant-appellant.

VAN CISE, Judge.

Pursuant to § 39–21–105, C.R.S. (1982 Repl.Vol. 16B), plaintiff, Adolph Coors Company (Coors), appealed to the district court a final determination of defendant, Alan N. Charnes, the executive director of the Colorado Department of Revenue (de-

partment). That determination denied Coors' claims for refund of Colorado sales and use taxes paid in 1977–1980 on aluminum beer keg materials purchased from sources outside Colorado. The trial court granted the tax refund claims of Coors on the basis that beer kegs are exempt as containers under §§ 39–26–102(20) and 39–26–203(1)(f), C.R.S.

The department appeals, contending (1) that Coors did not file its appeal with the district court within 30 days of the mailing of the final determination of the executive director and (2) that aluminum beer kegs continuously used and reused by Coors and never sold or given away are not exempt from all sales and use taxation. We affirm.

## I.

◼ Coors' protest of the department's denial of its refund claims was heard by the deputy director of the department. His final determination was entered on June 5, 1981. On that date notice of the final determination was mailed to the attorneys who had appeared and represented Coors at the hearing. Notice of the final determination was not mailed to Coors until July 17. The district court action was commenced on August 13.

The statute concerning the time for appeal, § 39–21–104, C.R.S. (1982 Repl.Vol. 16B), provides:

"Upon reaching a decision upon such claim for refund ... the executive director shall send *to the taxpayer,* by first class mail *directed to the last address on file with the department as indicated on the last return filed by such taxpayer,* notice of final determination of claim for refund, stating therein the grounds for allowance or rejection in whole or in part." (emphasis supplied)

The trial court, in ruling against the department on the issue of timeliness of the appeal, held that "when the legislature provides not only who should be served, but at what address that party should be served, ... the court cannot change that specific requirement. The Supreme Court did ex-

tend the requirement in the case of *Mountain States Telephone & Telegraph Co. v. Department of Labor,* 184 Colo. 334, 520 P.2d 586 [1974], by requiring notice to the attorney as well as to the party, but the court does not have the power to excuse service in the manner specifically provided by statute." We agree with the trial court.

Therefore, contrary to the department's contention, mailing the notice to Coors' attorneys does not comply with the express terms of the statute and does not start the 30-day period prescribed in § 39–21–105(1), C.R.S. (1982 Repl.Vol. 16A) for commencing the appeal. Hence, the appeal to the district court was timely.

## II.

◼ The department's second contention is also without merit. Section 39–26–102(20), C.R.S. (1982 Repl.Vol. 16B) provides for a sales tax exemption on:

"Sales to and purchases of tangible personal property by a person engaged in the business of manufacturing ... any ... commodity, which tangible personal property enters into the processing of or becomes an ingredient or component part of the product or service which is manufactured, compounded, or furnished, and the *container,* label, or the furnished shipping case thereof, *shall be deemed to be wholesale sales and shall be exempt from taxation* under this part one." (emphasis supplied)

Section 39–26–203(1)(f)(I), C.R.S. (1982 Repl.Vol. 16B) specifies that the use tax does not apply:

"To the storage, use, or consumption of tangible personal property by a person engaged in the business of manufacturing ... any ... commodity, which tangible personal property enters into the processing of or becomes an ingredient or component part of the product or service which is manufactured, compounded, or furnished, and the *container,* label, or the furnished shipping case thereof." (emphasis supplied)

In *Weed v. Occhiato*, 175 Colo. 509, 488 P.2d 877 (1971), the container exemption was interpreted. There, the issue was the sales and use taxability of glass bottles purchased from bottle manufacturers by Pepsi-Cola Bottling Company of Pueblo under identical statutory provisions. As stated in *Weed*, "it appears elementary that a bottle is a container, and whether or not a bottle is returnable is clearly of no consequence." In affirming the trial court's holding that the bottles were exempt, the court said: "If a change in the law is desired, it must be accomplished by the General Assembly, for neither the Director of Revenue nor this Court is empowered with taxing authority."

Similarly, a beer keg is a container and, as such, is exempt from sales or use tax.

Judgment affirmed.

SMITH and BERMAN, JJ., concur.