**Arthur MEYER, Monroe Seifer, Theodore Jabara, and the estate of Phillip Fisher by Diana Fisher, Sydelle Meyer, and Marjorie Alfus, personal representatives, Plaintiffs-Appellants,**

v.

**Alan N. CHARNES, Executive Director of the Department of Revenue of the State of Colorado, Defendant-Appellee.**

No. 84CA0114.

Colorado Court of Appeals,
Div. III.

Feb. 14, 1985.

Rehearing Denied March 14, 1985.

Certiorari Denied Aug. 26, 1985.

Goldstein & Armour, P.C., Gilbert Goldstein, Darrel L. Campbell, Denver, for plaintiffs-appellants.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert L. Patterson, Asst. Atty. Gen., Denver, for defendant-appellee.

BABCOCK, Judge.

Arthur Meyer, Monroe Seifer, Theodore Jabara, and the estate of Phillip Fisher by its personal representatives (taxpayers) appeal from the judgment of the trial court entered upon a review of a ruling by the Colorado Department of Revenue (department). We reverse.

The issue is whether Subchapter S corporate distributions of income to nonresident shareholders are taxable as income to the shareholders individually pursuant to § 39–22–115(2)(b), C.R.S. (1982 Repl. Vol. 16B). We hold that they are not.

Denver Motel Enterprises (DME), which owns and operates a motel in Denver, is a Colorado corporation which has elected to be taxed as a Subchapter S corporation pursuant to 26 U.S.C. §§ 1371, et seq. (1982). The corporate stock of DME is owned in equal shares by taxpayers. DME filed federal and state corporate income tax returns for the years in question, 1976 through 1979. Taxpayers also filed federal income tax returns which included distributions paid to them by DME during those years. They did not file Colorado income tax returns. During the years in question each taxpayer was a nonresident of the state of Colorado and each taxpayer had as a principal residence, the state of New York and as a secondary residence, the state of Florida.

In June 1980, the department issued to each taxpayer a notice of deficiency alleging that each owed additional income tax and interest thereon for Subchapter S corporate distributions made to them from DME during the years in question. Taxpayers filed a timely written protest together with a request for administrative hearing before the director of revenue.

Following a hearing in January 1982, the hearing officer entered an order sustaining the notices of deficiency against each taxpayer. This order was appealed to the trial court pursuant to § 39–21–105, C.R.S. (1982 Repl. Vol. 16B). Following trial de novo, the trial court entered its findings, conclusions, and judgment sustaining the department's assessment of income tax and interest thereon against each taxpayer. This appeal followed.

Section 39–22–115, C.R.S. (1982 Repl. Vol. 16B), provides in part:

"(1) The Colorado taxable income of a nonresident individual shall be his nonresident Colorado adjusted gross income...."

"(2) Nonresident Colorado adjusted gross income means that part of the individual's federal adjusted gross income, as modified by § 39–22–110, *derived from sources within Colorado.... Federal adjusted gross income of an individual shall be considered derived from sources within Colorado when such income is attributable to:* (a) the ownership of any interest in real or tangible personal property in Colorado; (b) *a business, trade, profession, or occupation carried on in Colorado;* (c) his distributive share of *partnership income,* gain, loss, and deduction determined under § 39–22–203; (d) his share of *estate or trust income,* gain, loss, and deduction determined under § 39–22–404; or (e) income from intangible personal property, including annuities, dividends, interest, and gains from the disposition of tangible personal property to the extent that such income is from property employed in a business, trade, profession, or occupation carried on in Colorado...." (emphasis added)

Section 39–22–302, C.R.S. (1982 Repl. Vol. 16B) provides that:

"A small business corporation under Subchapter S of the Internal Revenue Code which has a Subchapter S election in effect shall not be subject to taxation under this article."

In *Cohen v. State Department of Revenue,* 197 Colo. 385, 593 P.2d 957 (1979), it was held that income attributable to resident shareholders of a Subchapter S corporation does not constitute dividends subject to a surtax pursuant to § 39–22–106(1), C.R.S. In concluding that Subchapter S distributions are not dividends, *i.e.,* "passive" income of the kind intended to be surtaxed, the court reasoned that the earnings of a Subchapter S corporation which are "passed through" to the shareholders for income taxation once at the shareholder level, are ordinarily attributable to, or generated by, the shareholders' direct work, including management of the corporation's business.

Thereafter, in reliance on *Cohen,* the department promulgated Department of Rev-

enue Regulation 22–302, 1 Code Colo.Reg. 201–2 which states:

"Subchapter S income attributable to an individual shall be treated as ordinary income subject to normal tax. A nonresident taxpayer will be taxed on his share of Subchapter S income from Colorado business pursuant to 39–22–115(2)(b), C.R.S. 1973."

The department contends that, in light of the *Cohen* decision, this regulation merely interprets the income tax enacted by the General Assembly in § 39–22–115(2)(b). Taxpayers argue that this statute cannot be construed to impose the tax claimed by the department and that the regulation is therefore void as an attempt to enact a new tax in violation of Colo. Const. art. III and art. V, § 31. We agree with taxpayers.

■ We first conclude that § 39–22–115(2)(b) is ambiguous. A Colorado corporation, having elected Subchapter S status, is not subject to income taxation. Section 39–22–302, C.R.S. (1982 Repl. Vol. 16B). Section 39–22–115(2)(b) does not *specify* that nonresident taxpayers will be taxed on their share of Subchapter S income from a Colorado business. And, *Cohen v. State Department of Revenue, supra,* held merely that shareholders' income from Subchapter S corporations are not dividends subject to surtax. *Cohen* did not construe § 39–22–115(2)(b), C.R.S., and did not hold that nonresident taxpayers will be taxed on their share of Subchapter S income from Colorado businesses. Indeed, the ambiguity of the statute is evident from the department's perceived need to promulgate its "interpretive" regulation.

Thus, we refer to established rules of statutory construction to determine the legislative intent. *See Mooney v. Kuiper,* 194 Colo. 477, 573 P.2d 538 (1978); *BQP Industries, Inc. v. State Board of Equalization,* 694 P.2d 337 (Colo.App.1984).

■ The General Assembly is presumed to have knowledge of existing laws at the time it enacts a statute. *Ingram v. Cooper,* 698 P.2d 1314 (Colo.1985). Moreover, where a statute specifies particular situations in which it is to apply, the stat-

ute is ordinarily to be construed as excluding from its operation all other situations not specified. *Patrolmen's Benevolent Ass'n v. New York,* 41 N.Y.2d 205, 391 N.Y.S.2d 544, 359 N.E.2d 1338 (1976); *Thayer v. State,* 335 So.2d 815 (Fla.1976); *City of Hannibal v. Minor,* 224 S.W.2d 598 (Mo.App.1949); *see New York Indemnity Co. v. Industrial Commission,* 86 Colo. 364, 281 P. 740 (1929). And, where substantial doubt attends the construction of a tax statute, the statute must be construed strictly in favor of the taxpayer. *Transponder Corp. of Denver, Inc. v. Property Tax Administrator,* 681 P.2d 499 (Colo. 1984); *BQP Industries, Inc. v. State Board of Equalization, supra.*

■ Here, expert testimony presented by taxpayers identified Subchapter S corporations, partnerships, estates, and trusts as "pass through" entities. In enacting § 39–22–115(2), C.R.S. (1982 Repl. Vol. 16B), the General Assembly elected specifically to tax three of these "pass through" entities, *i.e.,* partnerships, estates, and trusts. *See* § 39–22–115(2)(c) & (d), C.R.S. (1982 Repl. Vol. 16B). Subchapter S corporations are not mentioned. Thus, the General Assembly's failure expressly to tax Subchapter S distributions to nonresident shareholders when it enacted legislation taxing the other specified "pass through" entities negates the department's contention that the General Assembly intended such a tax. *See Thayer v. State, supra.*

■ Moreover, the General Assembly's silence as to the taxability of Subchapter S corporate distributions to nonresident shareholders, when it was presumed mindful of the Subchapter S corporation as a recognized "pass through" entity, *see* 26 U.S.C. § 1371, et seq.; § 39–22–302, C.R.S. (1982 Repl. Vol. 16B), further evidences its lack of intent to impose an income tax upon those distributions to nonresidents. *See Ingram v. Cooper, supra.* Finally, we resolve the substantial doubt which attends the construction of this statute in favor of taxpayers and against the government. *See Transponder Corp. of Denver, Inc. v. Property Tax Administrator, supra; BQP Industries, Inc. v. State Board of Equalization, supra.*

Taxpayers concede that the General Assembly has the authority to enact legislation to tax nonresident shareholders of Subchapter S corporations upon income from Colorado businesses. *See Kulick v. Department of Revenue*, 290 Or. 507, 624 P.2d 93 (Or.1981). However, a regulation may only carry into effect the will and policy established by the General Assembly and an administrative body has no power to impose a new tax. *Cohen v. State Department of Revenue, supra.* Only the General Assembly may originate taxes. Colo. Const. art. III and art. V, § 31; *Cohen v. State Department of Revenue, supra.* If the General Assembly desires to tax nonresident taxpayers upon their share of Subchapter S income generated from a Colorado business, it may accomplish that result by appropriate legislation. *See Cohen v. State Department of Revenue, supra; Kulick v. Department of Revenue, supra.* The department's attempt to do so here by regulation is void.

The judgment of the trial court is reversed and the cause is remanded with direction to enter judgment in favor of the taxpayers.

ENOCH, C.J., and METZGER, J., concur.