Amy J. BUDDE, Complainant-Appellee,

v.

TRAVELERS INSURANCE COMPANY, and Miles & McManus, Respondents-Appellants,

v.

COLORADO CIVIL RIGHTS COMMISSION, Appellee.

No. 84CA0250.

Colorado Court of Appeals, Div. I.

March 13, 1986.

Rehearing Denied April 10, 1986.

Certiorari Pending as of June 17, 1986.

Rothgerber, Appel, Powers & Johnson, Laura Ann Wing, Michael D. Nosler, Denver, for respondent-appellant Travelers Ins. Co.

Miles & McManus, Richard G. McManus, Jr., Denver, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn J. Aragon, Asst. Atty. Gen., Denver, for appellee.

No appearance for complainant-appellee.

PIERCE, Judge.

Respondents, Travelers Insurance Co. (Travelers) and Miles and McManus (employer), seek review of an order of the Colorado Civil Rights Commission (the Commission) finding that there had been sex discrimination by employer against claimant, Amy J. Budde (Budde). We set aside the order.

The facts are essentially undisputed. The employer, a law firm, purchased a

health insurance policy from Travelers in September of 1980. The policy provided coverage for "complications of pregnancy" defined in the policy as "conditions requiring medical treatment prior or subsequent to termination of pregnancy whose diagnosis are distinct from pregnancy but are adversely affected by pregnancy or are caused by pregnancy...."

Budde was employed by the employer from October 1981 to March 1982, during which time she experienced a normal pregnancy and childbirth. Travelers deemed the expenses resulting from a normal pregnancy to fall outside the scope of the employer's policy. Accordingly, her claim for maternity benefits under the employer's health insurance policy was denied.

On March 10, 1982, Budde filed charges with the Commission, alleging sex discrimination by both Travelers and the employer. The Commission found both Travelers and the employer in violation of the Civil Rights Act, particularly § 24–34–402(1)(a), C.R.S. (1982 Repl.Vol. 10), and Colorado Civil Rights Commission Rule 80.8 concerning sex discrimination.

### I.

The primary issue on appeal is whether the health insurance policy provided by Travelers discriminated on the basis of sex by covering only "complications of pregnancy," to the exclusion of expenses incurred during a normal pregnancy. This question goes hand in hand with the issue of whether the employer, in turn, discriminated against Budde by not providing a policy covering expenses associated with normal pregnancy. These issues have not previously been addressed in Colorado. There is, however, a line of United States Supreme Court decisions closely on point.

In *Geduldig v. Aiello*, 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974), the Supreme Court held that an insurance policy exclusion of disability coverage for normal pregnancies was not violative of the Fourteenth Amendment as being discrimination on the basis of sex. *General Electric Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976) incorporated the *Geduldig* holding into the context of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.).

The court in *General Electric* reasoned that, despite being confined to women, pregnancy is "significantly different from the typically covered disease or disability," and held that insurers are free to exclude pregnancy benefits as they would a number of other diseases or disabilities.

We adopt *General Electric Co. v. Gilbert, supra*, as controlling in the instant case. Although *General Electric* concerned a self-insurer, we find no difficulty in applying the same reasoning to the insurance policy provided by Travelers to the employer here. Both policies were part of the total compensation provided by an employer to its employees and both excluded expenses relating to normal pregnancies from the coverage.

The Commission relies upon the Supreme Court decision of *Newport News Shipbuilding & Dry Dock Co. v. EEOC*, 462 U.S. 669, 103 S.Ct. 2622, 77 L.Ed.2d 89 (1983) in reaching its finding of discrimination. However, for a number of reasons, that holding is not applicable here. First, the Commission may not enforce any provision of federal law. Section 24–34–308, C.R.S. (1982 Repl.Vol. 10). Second, although *Newport* specifically overrules *Gilbert*, it does so as a direct result of the passage of the Pregnancy Discrimination Act of 1978, a congressional amendment to Title VII. The Colorado General Assembly has declined to incorporate the Pregnancy Discrimination Act into its own version of Title VII, § 24–34–401, et seq., C.R.S. (1982 Repl.Vol. 10). Nor has Colorado incorporated such provisions in its Equal Rights Amendment. *Colo. Const.* Art. II, Sec. 29. Therefore, there is no statutory or constitutional authority in Colorado which supports the Commission's conclusions.

Further, there is no evidence of record that the policy provided to the employer by Travelers was "a subterfuge to accomplish a forbidden discrimination." *General Elec-*

*tric, supra.* Travelers excluded a number of other disabilities from the policy purchased by the employer. There is, thus, no indication of disparate treatment of Budde by the employer and Travelers. Budde was not treated less favorably than others by virtue of her pregnant condition. Indeed, the spouses of the male employees of the employer were likewise excluded from benefits paid on expenses associated with normal pregnancies. *See International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977); *St. Luke's Hospital v. Colorado Civil Rights Commission,* 702 P.2d 758 (Colo.App.1985).

■ We fully realize that there are exclusions in the coverage of this policy that are based on differences in gender. However, there is no precedent in Colorado law which would render this gender-differentiation to be either illegal or unconstitutional sex discrimination. If the public policy of the state of Colorado is to be otherwise, that determination should be made by the General Assembly.

## II.

■ Employer and Travelers further challenge the Commission's application of Civil Rights Commission Rule 80.8(b), Code Colo.Reg. 708-1. The Commission relied upon this regulation in finding that Budde was discriminated against. The rule at issue provides that, for purposes of insurance provided by employers, disabilities caused or contributed to by pregnancy, miscarriage, abortion, or childbirth should be treated as any health or temporary disability.

It is a fundamental principle of administrative law that any administrative regulation must further the will and policy of the General Assembly and may not modify or contravene an existing statute. *Miller International, Inc. v. State Department of Revenue,* 646 P.2d 341 (Colo.1982); *Cohen v. State,* 197 Colo. 385, 593 P.2d 957 (1979).

As noted previously, the General Assembly has not established a policy that allows a claim for sex discrimination based on the denial of insurance benefits associated with a normal pregnancy. Such a denial is not a form of "sex discrimination" as contemplated by § 24–34–401, et seq., C.R.S. (1982 Repl.Vol. 10). Accordingly, any interpretation by the Civil Rights Commission of Rule 80.8(b) inconsistent with § 24–34–401, et seq., C.R.S. (1982 Repl.Vol. 10), is invalid and may not be employed to find sex discrimination where none, in fact, exists.

## III.

The employer and Travelers also raise other issues, but our disposition of this case makes it unnecessary to address them.

The order is set aside.

ENOCH, C.J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

The only pertinent disability not covered by the insurance policy here is temporary disability related to normal pregnancy and childbirth. This is facially a sexually biased denial of equal treatment and, therefore, constitutes a discriminatory act pursuant to § 24–34–402(1)(a), C.R.S. (1982 Repl.Vol. 10) and Civil Rights Commission Rule 80.8(b), 3 Code Colo.Reg. 708.1.

Pursuant to the authority granted to it in § 24–34–305(1)(a), C.R.S. (1982 Repl.Vol. 10), the Civil Rights Commission promulgated Rule 80.8(b). This rule reads as follows:

"Disabilities caused or contributed to by pregnancy, miscarriage, abortion, childbirth, and recovery therefrom, are for all job related purposes, temporary disabilities and should be treated as such under any health or temporary disability insurance or sick leave plan available in connection with employment. ... [A]nd payment under any health or temporary disability insurance or sick leave plan ... shall be applied to disability due to pregnancy or childbirth on the same terms and conditions as they are applied to cover other temporary disabilities."

When reviewing an administrative agency's interpretation of its own statutes and regulations, the interpretation may not be overturned unless it is plainly erroneous. *See Travelers Indemnity Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976); *see also Morrison & Morrison, Inc. v. Secretary of Labor,* 626 F.2d 771 (10th Cir.1980). *Cf. Brooklyn Union Gas Co. v. New York State Human Rights Appeal Board,* 41 N.Y.2d 84, 390 N.Y.S.2d 884, 359 N.E.2d 393 (N.Y.App.1976). The Commission's promulgation of the rule is consistent with § 24–34–402(1)(a), C.R.S. (1982 Repl.Vol. 10), which makes it an unfair employment practice for employers to discriminate in matters of compensation against any person because of sex. Further, it concluded that § 24–34–402(1)(e), C.R.S. (1982 Repl. Vol. 10) makes it discriminatory for any person to aid or abet any civil rights violation. It is undisputed that insurance benefits are in the nature of compensation.

The respondents argue that statutes and public policy of Colorado cannot be construed to reach the results obtained under federal legislation. I disagree.

The majority relies upon *General Electric Co. v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976). Although I am not persuaded by the logic of the majority in *General Electric Co.,* nor do I find the holding therein pertinent to the matter before us. First, by incorporating the holding of *Geduldig v. Aiello,* 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974), the court used reasoning according to the standard of invidious discrimination pursuant to the due process clause of the 14th amendment. Secondly, as the majority makes clear, Congress, in enacting the Federal Civil Rights Act, did not confer upon the Equal Employment Opportunity Commission authority to promulgate rules or regulations pursuant to that title. Here, the standard of invidious discrimination is not relevant, and it is undisputed that the Civil Rights Commission promulgated Rule 80.8(b) pursuant to the statutory authority granted to it in § 24–34–305(1)(a), C.R.S. (1982 Repl.Vol. 10). There is no claim that the Civil Rights Commission failed to follow the statutory

and due process requirements for promulgation of the rule. The rule, having been adopted and acquiesced in by the General Assembly, must be presumed to be a proper exercise of statutory authority to develop a program consistent with the Commission's statutory charge. *See Dodge v. Department of Social Services,* 657 P.2d 969 (Colo.App.1982).

The public policy of the State of Colorado as reflected in our constitution sets a higher standard against sexual discrimination than does the federal constitution. In 1972, the State of Colorado adopted the Equal Rights Amendment, Colo. Const. art. II, § 29, which amendment has yet to be acted upon by the federal government. Accordingly, the Commission's conclusion that our statutes prohibit an employer providing insurance coverage for disabilities from excluding normal pregnancy is entirely consistent with the public policy of this state as reflected in our constitution.

Further, it was within the province of the Commission to find that Travelers Insurance Company did aid and abet the employer by offering to the employer an insurance policy which discriminated against employees on the basis of sex. Section 24–34–402(1)(e), C.R.S. (1982 Repl.Vol. 10) provides that it is a discriminatory or unfair employment practice for any person to aid or abet in the doing of any act defined by this section to be a discriminatory or unfair employment practice. In *Arizona Governing Committee v. Morris,* 463 U.S. 1073, 103 S.Ct. 3492, 77 L.Ed.2d 1236 (1983), the Supreme Court held that the employer and insurer were both liable for any discriminatory provisions contained in a contract, regardless of which party initially suggested the inclusion of the discriminatory provisions.

Therefore, I would hold that the employer violated § 24–34–402(1)(a), C.R.S. (1982 Repl.Vol. 10) by selecting and providing to its employees, one of whom was female, a group insurance policy that discriminates on the basis of sex and that the insurance company violated § 24–34–402(1)(e), C.R.S.

(1982 Repl.Vol. 10) by the sale of an insurance policy that discriminates against the employees on the basis of sex.

Finally, employer's contention that the Commission erred by refusing to allow the employer to file a third-party complaint against the insurer and its agent is without merit. Although the employer may pursue a remedy against the insurer and its agent in a separate action, that matter is not properly before the Commission.