**FLEISHER–SMYTH COMPANY,**
**Petitioner–Appellant,**

v.

**BOARD OF ASSESSMENT APPEALS**
**of the State of Colorado, Appellee,**

and

**Arapahoe County Board of Equalization,**
**Respondent–Appellee.**

**Nos. 92CA1727, 92CA2036.**

Colorado Court of Appeals,
Div. I.

Nov. 4, 1993.

Brega & Winters, P.C., Ronald S. Loser, Brian A. Magoon, Denver, for petitioner-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Larry A. Williams, First Asst. Atty. Gen., Denver, for appellee Bd. of Assessment Appeals.

Peter Lawrence Vana III, County Atty., Richard F. Mutzebaugh, Sp. Asst. County Atty., Littleton, for respondent-appellee Arapahoe County Bd. of Equalization.

Opinion by Judge ROTHENBERG.

■ In this property tax case, petitioner, Fleisher–Smyth Company (taxpayer), appeals from an order of the Board of Assessment Appeals (BAA) which dismissed for lack of jurisdiction taxpayer's administrative appeal challenging the 1991 tax year valuation of a parcel identified as Schedule 092 made by respondent, the Arapahoe County Board of Equalization (BOE). Because we hold that the attachment of a county board of equalization's decision to a taxpayer's petition before the BAA is not a jurisdictional requirement for the taking of such an administrative appeal in proceedings before the BAA and that the BAA erred in ruling otherwise, we reverse the BAA's order and remand for further proceedings by the BAA on the merits of taxpayer's administrative appeal.

The relevant facts are not in dispute. Taxpayer timely filed a single petition with the BAA appealing the BOE's decisions concerning the 1991 tax year valuations of several parcels of taxpayer's property. The parcels which were the subject of this administrative appeal were identified on the face of this petition as Schedules 092, 093, and 094. However, attached to this petition were the BOE's decisions concerning the parcels identified as Schedules *093, 094,* and *095.* Thus, as to Schedule 092, taxpayer listed this parcel on the face of its petition to the BAA, but failed to attach the BOE's decision concerning this parcel to its petition.

Thereafter, the BAA attempted to correct this discrepancy by striking out the designation of Schedule 092 and inserting in its place a designation of Schedule 095 on the face of the petition form, so that the schedule numbers appearing on the petition form would conform with the supporting documentation submitted.

Taxpayer and the BOE subsequently filed a stipulation concerning this administrative appeal with the BAA which stated that: (1) taxpayer and the BOE agreed to a reduced valuation as to Schedule 092 and to the withdrawal of the appeal as to Schedules 093, 094, and 095; (2) a copy of the BOE's decision as to Schedule 092 was attached; and (3) the

BOE had no objection to the "late filing" of this BOE decision with the BAA.

The BAA refused to accept the stipulation. It ruled that it lacked jurisdiction in this matter as to Schedule 092 because taxpayer had not properly perfected its administrative appeal as to that parcel by failing to submit the BOE's decision as to that parcel with its initial petition to the BAA.

Taxpayer contends that its failure to attach the BOE's decision regarding Schedule 092 to taxpayer's initial petition to the BAA constituted a technical rather than a jurisdictional defect in the proceedings, and because it complied with all jurisdictional requirements in taking its administrative appeal to the BAA here, taxpayer asserts that this matter must be remanded to the BAA for further proceedings on the merits. We agree.

■ By statute, administrative appeals taken by taxpayers to the BAA from decisions of county boards of equalization in property tax proceedings must be filed with the BAA no later than 30 days after the date of mailing of the county board of equalization's decision. Sections 39–2–125(1)(c) & 39–8–108(1), C.R.S. (1993 Cum.Supp.).

Compliance with these statutory time limits in the filing of such administrative appeals is a jurisdictional requirement in such proceedings before the BAA. *See Colorado Rocky Mountain School, Inc. v. Shriver,* 689 P.2d 651 (Colo.App.1984).

However, apart from the timely filing requirement, there are no other statutory jurisdictional requirements for the taking of such administrative appeals by taxpayers before the BAA. *See* §§ 39–2–125(1)(c) & 39–8–108(1); *see also B.C., Ltd. v. Krinhop,* 815 P.2d 1016 (Colo.App.1991) (noting that § 39–8–108(1) is silent as to the joinder of indispensable parties and holding that failure to join BOE as indispensable party within statutory time period was *not* a jurisdictional defect); *BOP Industries, Inc. v. State Board of Equalization,* 694 P.2d 337 (Colo.App. 1984) (holding that completion and filing of BAA petition forms by non-attorney officers of corporate taxpayers was *not* a jurisdictional defect).

The requirement that the underlying BOE decision must be attached to a taxpayer's petition to the BAA or filed with the BAA thereafter within the 30–day time limit is one of several procedural requirements pertaining to the taking of such administrative appeals set forth in the BAA's rules. *See* BAA Rule 6, 8 Code Colo.Reg. 1301–1 (1988) (prescribing form of such petitions). Despite such rule, however, the BAA's rules nowhere indicate that a taxpayer's failure to comply with any of the non-statutory procedural requirements constitutes a jurisdictional defect mandating the dismissal of the administrative appeal. Nor have we been cited to statutory or case authority that would allow the BAA's rules to so provide. Thus, we find no authority for the BAA's action. *See* §§ 24–4–106(7) & 24–4–106(11)(e), C.R.S. (1988 Repl.Vol. 10A).

Here, taxpayer timely filed its petition with the BAA commencing its administrative appeal as to Schedule 092 in compliance with the statutory time requirements. It is also undisputed that taxpayer later filed the BOE's decision as to Schedule 092 with the BAA.

We also agree with taxpayer that the doctrine of substantial compliance as to other procedural requirements applies equally to appellate procedures required by statute or by judicial rule. *See Pueblo v. County Court,* 761 P.2d 275 (Colo.App.1988) (upholding validity of notice of appeal from municipal court to county court under standard of substantial compliance with applicable statutory requirements).

Thus, if taxpayer's petition to the BAA was timely filed within the statutory time limits, only substantial compliance with the procedural requirements of the BAA's rules regarding the form and content of that petition was required. *See* C.A.R. 3(a) (content of notice of appeal is not jurisdictional); *see also* §§ 39–2–125(1)(c) & 39–8–108(1); BAA Rule 6, 8 Code Colo.Reg. 1301–1 (1988).

Here, notwithstanding taxpayer's failure to have attached the BOE's decision as to Schedule 092 to its BAA petition, the BOE was neither prejudiced by this omission nor misled as to taxpayer's intention to appeal that particular decision. Taxpayer specifically designated Schedule 092 on the face of its BAA petition.

Under these circumstances, taxpayer substantially complied with the procedural requirements of the BAA in taking its administrative appeal. *See People v. Bost,* 770 P.2d 1209 (Colo.1989); *Happy Canyon Investment Co. v. Title Insurance Co.,* 38 Colo.App. 385, 560 P.2d 839 (1976).

The BAA's order of dismissal is reversed, and the cause is remanded to the BAA for further proceedings on the merits of taxpayer's administrative appeal.

PIERCE and CRISWELL, JJ., concur.