**TRI–HAVANA LIMITED LIABILITY COMPANY, Petitioner–Appellee,**

and

**The Colorado Board of Assessment Appeals, Appellee,**

v.

**ARAPAHOE COUNTY BOARD OF EQUALIZATION, Respondent–Appellant.**

No. 97CA0528.

Colorado Court of Appeals,
Div. V.

June 25, 1998.

Herbert Buchwald, P.A., Herbert Buchwald, Denver, for Petitioner–Appellee.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Mark W. Gerganoff, Assistant Attorney General, Denver, for Appellee.

Kathryn L. Schroeder, Arapahoe County Attorney, Ronald A. Carl, Assistant County Attorney, Littleton, for Respondent–Appellant.

Opinion by Judge ROY.

In this property tax case, respondent, the Arapahoe County Board of Equalization (BOE), appeals from an order of the Board of Assessment Appeals (BAA) denying its motion to dismiss as untimely the appeal filed by petitioner, Tri–Havana Limited Liability Company (taxpayer). We vacate the BAA's order and remand for the dismissal of taxpayer's administrative appeal.

At a hearing held on the timeliness issues, it was undisputed that taxpayer had been acting through a designated agent at each level of the administrative proceedings. A letter from taxpayer to the assessor appointing the agent had been filed with the assessor at the time the matter was appealed to the assessor. No such letter was filed with the BOE and no record of the proceedings before the BOE was submitted on appeal.

It was further established at the hearing that notice of the BOE's decision was not mailed to the agent but was timely mailed to taxpayer at taxpayer's address of record. Subsequently, the agent reviewed the BOE files, found the notice, and immediately filed taxpayer's petition with the BAA.

The BAA denied the motion to dismiss, ruling that the agent "ought to have received a copy of the [BOE] decision" and that he "was not accorded reasonable notice from the [BOE] to proceed to the next level." Thus,

the BAA essentially ruled that the petition was timely filed under these circumstances because, in its view, the delay in filing was attributable to the BOE's failure to mail notice of its decision to the agent.

The parties subsequently entered into a stipulation as to the 1995 tax year valuation of the subject property, reserving the jurisdictional issue, and the BAA thereupon entered a final order adopting the stipulated value.

I.

■ Initially, we reject taxpayer's contention that this appeal is moot in view of the stipulation and order concerning the valuation of the subject property. Here, the BOE's right to challenge the BAA's denial of its motion to dismiss was expressly reserved in the stipulation.

Further, notwithstanding the stipulation and order as to valuation, we cannot say that a ruling on the jurisdictional issues has no practical effect. To the contrary, because we hold that the BAA did indeed lack jurisdiction to proceed in this matter, it is necessary to vacate the BAA's final order and to remand for the dismissal of the BAA proceedings. This disposition reinstates the BOE's decision. Thus, contrary to taxpayer's argument, this appeal is not moot. *See Jensen v. Matthews–Price,* 845 P.2d 542 (Colo.App. 1992) (where stipulation expressly reserved right to appeal challenged ruling appellant not barred from contesting sanctions order despite consent to dismissal of complaint).

II.

As to the issue presented, we agree with the BOE that the BAA lacked jurisdiction over taxpayer's administrative appeal because it was untimely.

■ Compliance with the statutory time limit for the filing of a taxpayer's petition with the BAA contesting a decision of a county board of equalization is a jurisdictional requirement in such proceedings. *Fleisher–Smyth Co. v. Board of Assessment Appeals,* 865 P.2d 922 (Colo.App.1993).

Under the pertinent statutory provisions, a taxpayer's petition must be filed with the

BAA no later than 30 days after the date the BOE's decision "was mailed pursuant to section 39–8–107(2)." Section 39–8–108(1), C.R.S.1997; *see also* §39–2–125(1)(c), C.R.S. 1997.

Section 39–8–107(2), C.R.S.1997, in turn, provides that the BOE's decision "shall be mailed *to the petitioner*," (emphasis added) *i.e.*, to the taxpayer. *See also* §39–8–107(1), C.R.S.1997 (similarly requiring that notice of BOE decisions must be provided to "the petitioner"); 2 Assessor's Reference Library, § V.

While it may be the common and better practice to notify an agent appearing for the taxpayer, there is no such requirement in these statutory provisions or elsewhere. Rather, because the statutory scheme requires mailing only to the taxpayer, we agree with the BOE that it complied with these statutory notification requirements upon the mailing of its decision directly to taxpayer at taxpayer's address of record. Further, although due process concerns may arise if a taxpayer fails to receive a mailed notice, *see, e.g., Omnibank Iliff, N.A. v. Tipton,* 843 P.2d 71 (Colo.App.1992), it was undisputed that taxpayer was in actual receipt of the notice of the decision issued by the BOE.

Therefore, the statutory thirty-day limitations period began to run on the date of the mailing of this decision directly to taxpayer. The BOE's decision was mailed to taxpayer on July 24, 1995, but taxpayer's petition to the BAA was not filed by taxpayer's agent until September 5, 1995. Consequently, taxpayer's petition was not timely. *See* §§39–2–125(1)(c) & 39–8–108(1); *Fleisher–Smyth Co. v. Board of Assessment Appeals, supra.*

Accordingly, the BAA's order is vacated, and the cause is remanded to the BAA with directions to dismiss taxpayer's appeal.

TAUBMAN and ERICKSON *, JJ., concur.