24CA1110 Hernandez v BOAA 07-03-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1110
Board of Assessment Appeals
Case No. 23BAA6252

Jimmy Hernandez,

Petitioner-Appellant,

v.

Board of Assessment Appeals,

Appellee.

ORDER AFFRIMED

Division I
Opinion by JUDGE MOULTRIE
J. Jones and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 3, 2025

Jimmy Hernandez, Pro Se

Philip J. Weiser, Attorney General, Krista Maher, First Assistant Attorney General, Tanya M. Santillan, Assistant Attorney General, Denver, Colorado, for Appellee

¶ 1     Jimmy Hernandez appeals an order of the Board of Assessment Appeals (BAA) dismissing as untimely his administrative appeal of an adverse decision of the Denver County Board of Equalization (BOE) regarding his property valuation.  We affirm.

I.     Background

¶ 2     In 2023, the Denver Assessor's Office mailed Hernandez a notice assessing the value of his residential property for the 2023 tax year.  The notice included the property's estimated market value as of June 2022, its prior year actual value, and its increase in value since the previous revaluation.

¶ 3     Hernandez protested the 2023 tax year valuation by submitting a petition under section 39-8-106, C.R.S. 2024, to the BOE.  The BOE mailed Hernandez a letter denying his petition protesting the valuation.  The letter informed Hernandez of his right to appeal the BOE's decision to the BAA within thirty days "of the mailing date," which the letter indicated was November 6, 2023.

¶ 4     On December 23, 2023, Hernandez appealed the denial of his BOE petition to the BAA under section 39-8-108(1), C.R.S. 2024.  Hernandez attached the BOE's decision to his appeal and noted

1

that the BOE's "decision date" was November 6, 2023.  The BAA confirmed receipt of Hernandez's appeal by email on December 24, 2023.

¶ 5     On April 9, 2024, the BAA issued an order to show cause in Hernandez's case, stating that its jurisdiction over BOE appeals is limited to appeals "filed not later than thirty days after the entry of any such decision" and indicating that Hernandez's December 23, 2023,[1] appeal was filed more than thirty days after the entry of the BOE's decision on November 6, 2023.  The order therefore directed Hernandez to show cause, on or before April 16, 2024, why his appeal should not be dismissed for lack of jurisdiction.  The order also said that Hernandez's failure to respond "[would] result in the [BAA's] immediate dismissal" of his appeal with prejudice.  The BAA emailed the order to Hernandez the same day.

¶ 6     On May 1, 2024, Hernandez responded to the BAA's order via email; he also supplemented his response via email the next day.

---

[1] The "Order to Show Cause" says Hernandez's BAA appeal was filed on December 23, 2024.  We assume this is a typographical error based on other information in the record confirming that the appeal was filed on December 23, 2023.

¶ 7     The BAA issued an order dismissing Hernandez's appeal on May 7, 2024.  The BAA's order noted that because Hernandez failed to file his petition appealing the BOE's decision within the statutory thirty-day deadline, the BAA lacked jurisdiction to consider it.

## II.     Applicable Law and Standard of Review

¶ 8     In Colorado, the assessor of the county wherein residential real property is located values such property for tax purposes. § 39-1-103(5)(a), C.R.S. 2024.  If a taxpayer files a petition protesting the county's valuation, the county board of equalization must issue a written decision granting or denying the taxpayer's petition in whole or in part.  § 39-8-107(1), C.R.S. 2024.  If the board of equalization denies a taxpayer's petition, the taxpayer may appeal the board's decision to the BAA.  § 39-8-108(1).

¶ 9     We review a BAA decision under section 24-4-106, C.R.S. 2024, and we may only set aside a BAA decision if, among other things, the decision is arbitrary or capricious, contrary to a constitutional right, in excess of the BAA's statutory jurisdiction, or unsupported by substantial evidence in the record. § 24-4-106(7)(b); *see also* § 39-8-108(2).  We must affirm the BAA's decision if we discern no such error.  § 24-4-106(7)(a).

3

### III. Discussion

¶ 10 Hernandez contends that the BAA erred by dismissing his appeal because (1) he was unaware of "the date of the [BOE's] determination, date of mailing, his right of appeal, [and] his deadline to file the appeal" because the BOE didn't mail its decision to him as required by section 39-8-107; (2) section 39-2-125(1)(c), C.R.S. 2024 — which he asserts the BAA solely relied on to dismiss his appeal — conflicts with section 39-8-107 because section 39-8-107 "requires [a] petitioner to be notified and [section 39-2-125(1)(c)] does not"; and (3) the BAA violated his right to due process by dismissing his appeal without considering whether he had received appropriate notice of the BOE's decision.

¶ 11 We reject each of Hernandez's contentions and conclude that the BAA didn't have jurisdiction over Hernandez's untimely appeal.

#### A. Hernandez's Argument That He Didn't Receive the BOE's Decision Is Unpreserved

¶ 12 Hernandez contends that written notice of the BOE's decision was not sent to him as required by section 39-8-107(1) because he

did not receive it.[2] In its answer brief, the BAA asserts that Hernandez has not preserved this issue. We agree with the BAA that Hernandez failed to preserve this issue.

¶ 13    In his petition to the BAA, Hernandez didn't assert, as he does now, that he never received the BOE's decision.[3] Rather, he indicated he was aware that the BOE made its decision on November 6, 2023, and said he was appealing that decision because "[t]he subject property is a microhome. . . . That puts my property into a category that is materially different than those used in the comparables." He didn't indicate that he hadn't received the BOE's decision, despite having the express option on the petition to do so. And in his responses to the BAA's show cause order, Hernandez argued that the BOE had used an incorrect property address, and that he hadn't filed his petition "within the thirty days deadline from date of mailing" because he was "sure that the [decision's] time in the mail likely was a [sic] infringement on [his] timeline." He

---

[2] Section 39-8-107(2)(a), C.R.S. 2024, requires that the BOE mail its decision within five business days of the date of the decision.
[3] Contrary to the assertion in his brief that he never received the BOE's decision, Hernandez indicated in his notice of appeal that the decision "was not received by mail in [his] mailbox until after 12/6/23," which was the deadline to file his BAA appeal.

didn't assert that he had never received notice of the BOE's decision.

¶ 14   Hernandez is self-represented, but he must adhere to the same standards applicable to attorneys when presenting his arguments on appeal, *Adams Cnty. Hous. Auth. v. Panzlau*, 2022 COA 148, ¶ 8 (self-represented parties "must follow the same procedural rules as parties represented by counsel, and their lack of an attorney does not excuse their noncompliance with the procedural rules and other applicable law"), and we won't consider issues that the BAA didn't have the opportunity to consider, *Colo. Div. of Ins. v. Statewide Bonding, Inc.*, 2022 COA 67, ¶ 73 (arguments "never presented to, considered by, or ruled upon by" an administrative body may not be raised for the first time on appeal).  Thus, because Hernandez didn't preserve this issue, we decline to address it further.

    B.    Hernandez's Argument That the Provisions of Sections 39-8-107(1) and 39-2-125(1)(c) Conflict Isn't Preserved

¶ 15   When two statutes concern the same subject matter, we read them together "to the extent possible so as to give effect to the legislative intent." *Hanson v. Colo. Dep't of Revenue*, 140 P.3d 256,

258 (Colo. App. 2006). A "true conflict" between statutory provisions exists when the provisions "contain conditions, express or implied, that are inconsistent and irreconcilable with one another." *Lewis v. Town of Nederland*, 934 P.2d 848, 851 (Colo. App. 1996).

¶ 16 Hernandez contends that the language of section 39-8-107(1) conflicts with the language of section 39-2-125(1)(c) because the former statute requires notification to the taxpayer of their right to appeal, while the latter statute doesn't. *Compare* § 39-8-107(1) (requiring that when a petition is denied, the BOE notify the petitioner of the right to appeal to the BAA "within the thirty-day period following the denial"), *with* § 39-2-125(1)(c) (requiring the BAA to hear appeals from the BOE "filed not later than thirty days after the entry of any such decision"). And he asserts that this issue is properly before us since statutory interpretation is a question of law that we review de novo. We conclude that Hernandez failed to preserve this issue.

¶ 17 Hernandez doesn't point to any place in the record where he raised this argument to the BAA, nor has our review of the record revealed any place where he made this argument. Accordingly, we

decline to address this issue further.  *See Statewide Bonding, Inc.*,
¶ 73.

### C. The BAA Didn't Violate Hernandez's Due Process Rights

¶ 18  Hernandez contends that the BAA denied him due process by dismissing his appeal without considering whether he had received appropriate notice of the BOE's denial.  We aren't persuaded.

¶ 19  "Statutory notice requirements pertaining to tax proceedings must be interpreted so as to comply with due process requirements under both the United States and the Colorado Constitutions."
*S. Suburban Park & Recreation Dist. v. Bd. of Assessment Appeals*, 894 P.2d 771, 774 (Colo. App. 1994).  And an agency's findings in an administrative proceeding must be record-supported and adequately inform the parties and any reviewing court of the basis for the agency's decision.  *Burns v. Bd. of Assessment Appeals*, 820 P.2d 1175, 1177 (Colo. App. 1991).

¶ 20  As we've already noted, Hernandez didn't assert in his appeal to the BAA, or in his response to the BAA's order to show cause, that he never received the BOE's decision.  Thus, the BAA didn't violate Hernandez's right to due process by failing to address an argument that he never presented to it.  *See Statewide Bonding,*

8

*Inc.*, ¶ 73; *Adams Reload Co. v. Int'l Profit Assocs., Inc.*, 143 P.3d 1056, 1060 (Colo. App. 2005) (appellate courts will not address unpreserved constitutional issues); *see also Klingsheim v. Cordell*, 2016 CO 18, ¶ 43 (constitutional requirements of due process are satisfied if the government provides notice reasonably calculated to apprise interested parties of the government's pending action and affords them an opportunity to present objections).

## IV. The BAA Lacked Jurisdiction to Consider Hernandez's Untimely Appeal

¶ 21    A petitioner's compliance with the statutory time limits applicable to administrative appeals is a jurisdictional requirement in proceedings before the BAA. *See Fleisher-Smyth Co. v. Bd. of Assessment Appeals*, 865 P.2d 922, 923 (Colo. App. 1993).

¶ 22    The statutory timeframe within which Hernandez was required to file his appeal of the BOE's decision began on November 6, 2023 — the date the BOE entered its decision. *BQP Indus., Inc. v. State Bd. of Equalization*, 694 P.2d 337, 342 (Colo. App. 1984) (under section 39-2-125(1)(c), the thirty-day period for perfecting an appeal from decisions of county boards of equalization runs from the entry of such decisions). Hernandez's appeal was therefore due on or

before December 6, 2023.  He didn't file it until December 23, 2023.
Thus, Hernandez's appeal was untimely, and the BAA lacked
jurisdiction to consider it.  §§ 39-2-125(1)(c), 39-8-108(1);
*Fleisher-Smyth Co.*, 865 P.2d at 924.

V.    Disposition

¶ 23    The order of the BAA is affirmed.

JUDGE J. JONES and JUDGE KUHN concur.